UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID B. BINDER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PPL CORPORATION, *et al.*, <br><br> Defendants. | Civil Action No.: 5:22-cv-00133 |

### STIPULATION REGARDING CLASS CERTIFICATION

Plaintiffs David B. Binder, George Knebel, Todd A. Messner, Deborah Shobe, Diana Klotz, and William Simmendinger (collectively, "Plaintiffs" or "Named Plaintiffs"), individually and as representatives of a class of participants and beneficiaries of the PPL Employee Savings Plan, PPL Deferred Savings Plan, PPL Employee Stock Ownership Plan, and LG&E and KU Savings Plan (collectively, the "Plans"), and Defendants PPL Corporation, PPL Services Corporation, Board of Directors of PPL Corporation, Board of Directors of PPL Services Corporation, Employee Benefit Plan Board of PPL Corporation, and LG&E and KU Energy LLC (collectively, "Defendants") hereby stipulate and agree as follows:

1. On January 12, 2022, Plaintiffs filed their Complaint asserting claims under 29 U.S.C. §§ 1132(a)(2) and (a)(3). *See* ECF No. 1.

2. The Complaint alleges that Defendants breached fiduciary duties owed to the Plans under ERISA and seeks to hold Defendants liable under 29 U.S.C. § 1109(a) to make good to the Plans any losses resulting from the alleged breaches of fiduciary duty.

3. Defendants deny that they have breached any duty owed to the Plans under ERISA and dispute the allegations in the Complaint except to the extent expressly stipulated herein.

4. On April 5, 2022, Defendants filed a motion to dismiss the Complaint in its entirety for failure to state a claim. *See* ECF No. 24. That motion remains pending before the Court, and Defendants continue to maintain that Plaintiffs have not stated any valid claim against Defendants and that the Complaint should be dismissed.

5. On April 7, 2023, Plaintiffs filed their motion for class certification under Federal Rule of Civil Procedure 23. *See* ECF No. 54. In that motion, Plaintiffs proposed that the following class be certified under Rule 23(b)(1):

> All participants and beneficiaries of the PPL Employee Savings Plan, PPL Deferred Savings Plan, PPL Employee Stock Ownership Plan, and the LG&E and KU Savings Plan from January 12, 2016 through the date of judgment, excluding the Defendants.

6. Plaintiffs also moved to appoint the Named Plaintiffs as class representatives and Schlichter Bogard & Denton LLP as class counsel under Federal Rule of Civil Procedure 23(g). *See* ECF No. 54.

7. Plaintiffs contend that the proposed class satisfies the requirements of Rules 23(a) and (b)(1), and that proposed class counsel is qualified to represent the class and will vigorously prosecute this action on behalf of the class. *See* ECF Nos. 54, 54-1.

8. While Defendants continue to maintain that Plaintiffs have not stated a claim and that the Complaint should be dismissed for the reasons stated in Defendants' motion, *see* ECF No. 24, Defendants do not dispute that, if the Court were to permit Plaintiffs' claims to proceed, certification of a class could be appropriate under Rule 23.

9. Although Plaintiffs maintain that the proposed class definition set forth in Plaintiffs' motion for class certification would be properly certified, Plaintiffs are willing to stipulate to certification of a modified definition which Defendants contend better aligns the class definition with the claims asserted in the Complaint. Through this Stipulation, and with the agreed-upon modification to the proposed class definition, Defendants agree that if the Court does not grant Defendants' pending motion to dismiss, a class could properly be certified.

10. Accordingly, in the interests of conserving judicial and party resources, the parties have stipulated to class certification under the terms set forth herein.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED:

1. If the Court denies Defendants' pending motion to dismiss the Complaint, in whole or in part, certification of the following class under Rule 23(b)(1) would be appropriate:

> All participants in the PPL Employee Savings Plan, PPL Deferred Savings Plan, PPL Employee Stock Ownership Plan, and LG&E and KU Savings Plan from January 12, 2016 through June 30, 2020, who invested in a Northern Trust Focus Fund target date fund through an individual Plan account, and their beneficiaries, excluding Defendants.

2. As supported by the evidence and argument submitted in support of Plaintiffs' motion for class certification (ECF No. 54), the proposed class meets the requirements of Rules 23(a) and (b)(1) with respect to the claims alleged in the Complaint.

3. This Stipulation is intended to conclusively resolve the issue of class certification for the parties' mutual benefit and to remain in place for the duration of this action, including any proceedings on appeal. Defendants agree not to seek relief under Rule 23(c)(1)(C) unless the motion is based on new circumstances that were not known by the movant as of the date of this Stipulation. Notwithstanding the foregoing, nothing in this Stipulation shall be construed to restrict the Court's authority to "alter[] or amend[]" an order granting class certification at any time "before final judgment." Fed. R. Civ. P. 23(c)(1)(C). Further, this provision does not affect any party's ability to challenge class certification or seek any other form of relief if Plaintiffs amend their Complaint. Such relief may include, without limitation, decertification, modification of the class definition, or certification of sub-classes. This provision also does not preclude the parties from jointly proposing a modified class definition in connection with any proposed settlement.

4. If the Court rejects this Stipulation, the parties request that the Court permit them to proceed with motion practice to resolve class certification.

5. This Stipulation is entered solely for the purpose of resolving class certification in this action and, except as expressly provided herein, is without prejudice to the parties' legal and equitable rights and defenses in this action.

Dated: May 5, 2023

/s/ Deanna M. Rice
Catalina J. Vergara (*pro hac vice*)
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
T: 213-430-6000
F: 213-430-6407
cvergara@omm.com

Shannon M. Barrett (*pro hac vice*)
Deanna M. Rice (*pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
T: 202-383-5300
F: 202-383-5414
sbarrett@omm.com
derice@omm.com

/s/ Peter H. LeVan, Jr.
Peter H. LeVan, Jr.
LeVAN STAPLETON SEGAL COCHRAN LLC
1760 Market Street, Suite 403
Philadelphia, PA 19103
T: 215-561-1500
plevan@levanstapleton.com

*Counsel for Defendants PPL Corporation, PPL Services Corporation, Board of Directors of PPL Corporation, Board of Directors of PPL Services Corporation, Employee Benefit Plan Board of PPL Corporation, and LG&E and KU Energy LLC*

/s/ Troy A. Doles
SCHLICHTER BOGARD & DENTON LLP
Jerome J. Schlichter (admitted pro hac vice)
Troy A. Doles (admitted pro hac vice)
Heather Lea (admitted pro hac vice)
Sean E. Soyars (admitted pro hac vice)
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102
(314) 621-6115, (314) 621-7151 (fax)
jschlichter@uselaws.com
tdoles@uselaws.com
hlea@uselaws.com
ssoyars@uselaws.com

*Lead Counsel for Plaintiffs*

David Promisloff (ID# 200971)
Promisloff Law, P.C.
5 Great Valley Parkway, Suite 210
Malvern, PA 19355
Phone: (215) 259-5156
Fax: (215) 600-2642
david@prolawpa.com

*Local Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I certify that on this day I caused a true and correct copy of the foregoing Stipulation Regarding Class Certification to be filed using the Court's Electronic Filing System ("ECF System").  The document is available for viewing and downloading via the ECF System, and will be served by operation of the ECF System upon all counsel of record.

Dated:  May 5, 2023                              */s/ Deanna M. Rice*
                                                Deanna M. Rice