## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID B. BINDER, et al.,

     *Plaintiffs,*

       v.

PPL CORPORATION.,

     *Defendants.*

No. 5:22-cv-00133-MRP

## PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF
## SUPPLEMENTAL AUTHORITY [DOC. 78]

Defendants' Notice of Supplemental Authority relating to the Northern District of Ohio's decision in *Johnson v. Parker-Hannifin Corporation*, No. 1:21-cv-00256, 2023 WL 8374525 (N.D. Ohio Dec. 4, 2023), provides no additional authority or guidance for this Court to determine the pending motion to dismiss. Doc. 24. In assessing the sufficiency of Plaintiffs' allegations, this Court is already guided by and required to follow the detailed opinion in the Third Circuit decision *Sweda v. Univ. of Pa.*, 923 F.3d 320, 331–333 (3d Cir. 2019) *cert. denied*, 140 S.Ct. 2565 (2020) (reversing 12(b)(6) dismissal of similar claims). In Plaintiffs' complaint here, similar to the allegations deemed sufficient in *Sweda*, there is "substantial circumstantial evidence from which [this Court] could 'reasonably infer' that a breach had occurred." Compare Compl. ¶¶ 86–88. 91, 94, 97, 105, 109, 112, 115 (Doc. 1) with *Sweda*, 923 F.3d at 331–32.[1] Moreover, the detailed factual record

---

[1] Other District Courts outside the Third Circuit have found similar allegations surrounding the imprudent selection and retention of the Northern Trust Focus Funds sufficient to state a claim. *Brown-Davis v. Walgreen Co.*, No. 19-5392, 2020 WL 8921399, at *1–3 (N.D. Ill. Mar. 16, 2020) (denying motion to dismiss similar claim involving Northern Trust Focus Funds); *Cutrone v. Allstate*

developed during the now fully completed discovery phase in this case *confirms* Plaintiffs' allegations. Doc. 67 at 4–5. For these reasons, the Court should deny Defendants' motion to dismiss.

At most for Defendants, and for the reasons previously presented, the Court may simply convert Defendants' motion to dismiss to a Rule 56 motion for summary judgment. *Id*. at 2. "[A]pply[ing] the plausibility standard after substantial pretrial discovery has taken place" would likely be an abuse of discretion. *Grajales v. P.R. Ports Auth*., 682 F.3d 40, 45–46 (1st Cir. 2012). "[B]ecause one of the main goals of the plausibility standard is the avoidance of unnecessary discovery," "[a]pplying the plausibility standard to a complaint after discovery is nearly complete would defeat this core purpose." *Id*. at 46. When "discovery ha[s] been completed," "the point of minimum expense ha[s] long since been passed." *Ideal Steel Supply Corp. v. Anza*, 652 F.3d 310, 325 (2d Cir. 2011). Given the posture with fact and expert discovery closed, deciding a Rule 12 motion based "solely on the allegations of the Complaint" while disregarding evidence developed in discovery would be inconsistent with the plausibility standard's purposes. *Id*. at 325–26.

For these reasons, the *Johnson* decision adds nothing to this Court's analysis in deciding the appropriate course in deciding Defendants' pending motion to dismiss.

---

*Corp*., No. 20-6463, 2021 WL 4439415 (N.D. Ill. Sept. 28, 2021) (denying motion to dismiss similar Northern Trust Focus Funds claim on standing grounds); and, *Conlon v. The Northern Trust Co.*, No. 21-02940, Doc. 51 (N.D Ill. Aug. 5, 2023).

January 3, 2024                     Respectfully Submitted,

                                   */s/ Troy A. Doles*
                                   SCHLICHTER BOGARD LLP
                                   Jerome J. Schlichter (admitted *pro hac vice*)
                                   Troy A. Doles (admitted *pro hac vice*)
                                   Heather Lea (admitted *pro hac vice*)
                                   Sean E. Soyars (admitted *pro hac vice*)
                                   100 South Fourth Street, Suite 1200
                                   St. Louis, Missouri 63102
                                   (314) 621-6115, (314) 621-7151 (fax)
                                   jschlichter@uselaws.com
                                   tdoles@uselaws.com
                                   hlea@uselaws.com
                                   ssoyars@uselaws.com
                                   vstjean@uselaws.com

                                   *Lead Counsel for Plaintiffs*

                                   David Promisloff (ID# 200971)
                                   Promisloff Law, P.C.
                                   5 Great Valley Parkway, Suite 210
                                   Malvern, PA 19355
                                   Phone: (215) 259-5156
                                   Fax: (215) 600-2642
                                   david@prolawpa.com

                                   *Local Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

                                   */s/ Troy A. Doles*