IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID B. BINDER, ET AL.,

                     *Plaintiffs*,

v.

PPL CORPORATION, ET AL.,

                     *Defendants*.

No. 5:22-cv-133-MRP

### PLAINTIFFS' UNOPPOSED AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

In accordance with Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request preliminary approval of a Class Action Settlement. Defendants do not oppose this motion.

On January 12, 2022, Plaintiffs brought this action alleging that Defendants PPL Corporation, PPL Services Corporation, the Board of Directors of PPL Corporation, the Board of Directors of PPL Services Corporation, the Employee Benefit Plan Board of PPL Corporation, and LG&E and KU Energy LLC breached their fiduciary duty under 29 U.S.C. § 1104(a) relating to the management of the PPL Employee Savings Plan, the PPL Deferred Savings Plan, the PPL Employee Stock Ownership Plan, and the LG&E and KU Savings Plan (collectively referred to as the "Plans"). ECF No. 1. Defendants dispute these allegations and deny liability for any alleged fiduciary breach.

After years of litigation, adversarial discovery, and extensive arm's length negotiations, on January 14, 2025, the parties agreed in principle to settle the case. ECF No. 160. The final terms of the settlement are set forth in the Settlement Agreement executed on February 28, 2025. *See* Exhibit A (Settlement Agreement attached hereto).[1]

---

[1] If not defined herein, capitalized terms have the definitions in the Settlement, which is incorporated herein by reference.

Under the terms of the Settlement Agreement, the Settlement Class is defined as:

> All participants in the PPL Employee Savings Plan, PPL Deferred Savings Plan, PPL Employee Stock Ownership Plan, and LG&E and KU Savings Plan from January 12, 2016 through June 30, 2020, who invested in a Northern Trust Focus Fund target date fund through an individual Plan account, and their beneficiaries, excluding Defendants.

The Class Period is from January 12, 2016 through June 30, 2020. ECF No. 82 ¶ 5.

The Settlement is fundamentally fair, adequate, and reasonable in light of the circumstances of this case and preliminary approval of the settlement is in the best interests of the class members. In return for a release of the class representatives' and class members' claims, Defendants have agreed to pay a sum of $8,200,000 into a Gross Settlement Fund.

At the preliminary approval stage, the Court is only required to determine whether "there are no obvious deficiencies and the settlement falls within the range of reason." *Gates v. Rohm & Haas Co.*, 248 F.R.D. 434, 438 (E.D. Pa. 2008) (citation omitted). The settlement reached between the parties more than satisfies this standard given the complex nature of the case and the results obtained for Class members. Preliminary approval will not foreclose interested persons from objecting to the settlement and thereby presenting dissenting viewpoints to the Court.

In support of preliminary approval, Plaintiffs submit a memorandum in support of this Motion and the Declaration of Troy A. Doles.

Plaintiffs respectfully request:

- That the Court enter an order granting its preliminary approval of the Settlement Agreement;
- That the Court order any interested party to file any objections to the Settlement within the time limit set by the Court, with supporting documentation, order such objections, if any, to be served on counsel as set forth in the proposed Preliminary Approval Order and Class Notice, and permit the parties the right to limited

discovery from any objector as provided for in the proposed Preliminary Approval Order;

- That the Court schedule a Final Fairness Hearing for the purpose of receiving evidence, argument, and any objections relating to the Settlement Agreement. However, given the processing and delivering of Settlement notices to Class members, the deadline to object to the Settlement, and the review and approval period of the Independent Fiduciary, among other interim milestones and deadlines, Plaintiffs request that a Final Fairness Hearing be held no earlier than **June 27, 2025 [or no earlier than 120 days after entry of the Court's order preliminarily approving the Settlement]**; and

- That following the Final Fairness Hearing, the Court enters an Order granting final approval of the Settlement.

March 7, 2025                                      Respectfully submitted,

/s/ Troy A. Doles
Jerome J. Schlichter (admitted *pro hac vice*)
Troy A. Doles (admitted *pro hac vice*)
Kurt C. Struckhoff (admitted *pro hac vice*)
Nathan D. Stump (ID# 90169)
Chen Kasher (admitted *pro hac vice*)
SCHLICHTER BOGARD LLC
100 South Fourth Street, Ste. 1200
St. Louis, MO 63102
(314) 621-6115, Fax: (314) 621-5934

*Lead Counsel for Plaintiffs*

David Promisloff (ID# 200971)
PROMISLOFF LAW, P.C.
5 Great Valley Parkway, Suite 210
Malvern, PA 19355
Phone: (215) 259-5156
Fax: (215) 600-2642
david@prolawpa.com

*Local Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 7, 2025.

/s/ Troy A. Doles
Troy A. Doles

## **LOCAL RULE 7.1(b) CERTIFICATION**

    I, Catalina J. Vergara, lead counsel for Defendants, hereby certify on behalf of Defendants that they do not contest Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement.

/s/ Catalina J. Vergara (w/permission)
Catalina J. Vergara
