## AMENDED CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement Agreement") is entered into between and among the Class Representatives, all Class Members, and Defendants.

**1.      Article 1 – Recitals**

1.1      On January 4, 2022, Plaintiffs David B. Binder, Janet L. Brett, George Knebel, Todd A. Messner, and Deborah Shobe, individually and as representatives of a class of participants and beneficiaries of the PPL Employee Savings Plan, PPL Deferred Savings Plan, PPL Employee Stock Ownership Plan, and the LG&E and KU Savings Plan (collectively, the "Plans"), filed their Complaint in the United States District Court for the Eastern District of Pennsylvania, Case No. 5:22-cv-00133, Dkt. 1. Plaintiffs brought this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), alleging that Defendants PPL Corporation, PPL Services Corporation, Board of Directors of PPL Corporation, Board of Directors of PPL Services Corporation, Employee Benefit Plan Board of PPL Corporation (the "EBPB"), LG&E and KU Energy, and John Does 1–14 breached their fiduciary duties by selecting and retaining the Northern Trust Focus Funds in the Plans and offering higher-cost share classes of the funds than were otherwise available for the Plans. Plaintiffs also brought a derivative claim for failure to monitor the EBPB against PPL Corporation, PPL Services Corporation, LG&E and KU Energy LLC, Board of Directors of PPL Corporation, Board of Directors of PPL Services Corporation. Plaintiffs sought to recover all alleged losses to the Plans resulting from each breach of duty under 29 U.S.C. § 1109(a) and for other equitable and remedial relief.

1.2      On April 5, 2022, Defendants moved to dismiss Plaintiffs' Complaint for failure to state a claim. Dkt. 24. While the motion was pending, the parties proceeded to discovery. Defendants produced more than 6,200 documents. These materials included, but were not limited to, minutes of the EBPB's meetings, materials prepared in connection with those meetings, plan documents, service provider agreements, participant disclosures, and other materials related to the Plans. The parties also took 16 depositions.

1.3      On December 13, 2022, Diana Klotz and William Simmendinger were joined as named plaintiffs, and Janet Brett withdrew as a named plaintiff and proposed class representative in this action. Dkt. 39.

1.4      On April 7, 2023, Plaintiffs filed their motion for class certification. Dkt. 54. The parties later stipulated to class certification. Dkt. 60. On March 13, 2024, the Court accepted the parties' stipulation. Dkt. 82.

1.5      On March 12, 2024, the Court denied Defendants' motions to dismiss. Dkts. 80, 81.

1.6      On June 10, 2024, Defendants moved for summary judgment. Dkt. 99. The Court denied Defendants' motion for summary judgment on December 13, 2024. Dkt. 146.

Exhibit A

**1.7**    The parties engaged in settlement discussions throughout the litigation, including a formal mediation on August 31, 2023. On January 14, 2025, the parties reached an agreement to fully and finally resolve all claims and informed the Court of their settlement.

**1.8**    The Class Representatives and Class Counsel consider it desirable and in the Class Members' best interests that the claims against Defendants be settled on behalf of the Class Representatives and Class Members upon the terms set forth below, and they have concluded that such terms are fair, reasonable, and adequate and that this Settlement will result in benefits to the Class Representatives and Class Members.

**1.9**    Defendants admit no wrongdoing or liability with respect to any of the allegations or claims in the Class Action. Defendants maintain that they are without fault or liability and are settling the Class Action solely to avoid litigation costs. Defendants contend that the Plans were managed, operated, and administered at all relevant times reasonably and prudently, in the best interest of the Plans and the Plans' participants, and in compliance with ERISA and applicable regulations, including the fiduciary provisions of ERISA. This Settlement Agreement, and the discussions between Plaintiffs and Defendants (the "Settling Parties") preceding it, shall in no event constitute, be construed as, or be deemed evidence of an admission or concession of fault or liability of any kind by any of the Defendants or any individual named in the Complaint and identified in the Settlement Agreement.

**1.10**    The Settling Parties have concluded that it is desirable that this matter be finally settled upon the terms and conditions set forth in this Settlement Agreement.

**1.11**    Therefore, the Settling Parties, in consideration of the promises, covenants, and agreements herein described, acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree to the terms of this Settlement Agreement.

**2.    Article 2 – Definitions**

As used in this Settlement Agreement and the Exhibits hereto, unless otherwise defined, the following terms have the meanings specified below:

**2.1**    "Administrative Expenses" means expenses incurred in the administration of this Settlement Agreement, including but not limited to: (a) all fees, expenses, and costs associated with providing the Settlement Notices to the Class Members, including but not limited to the fees of the Plans' recordkeeper to identify the names and addresses of Class Members; (b) related tax expenses (including taxes and tax expenses as described in Paragraph 5.3); (c) all expenses and costs associated with the distribution of funds under the Plan of Allocation, including but not limited to the fees of the Plans' recordkeeper associated with implementing this Settlement Agreement, facilitating the distribution of funds under the Plan of Allocation, and gathering the data necessary to prepare the Plan of Allocation; (d) all fees and expenses of the Independent Fiduciary, Settlement Administrator, and Escrow

Exhibit A

Agent; and (e) all fees, expenses, and costs associated with providing notices required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715. Excluded from Administrative Expenses are Defendants' internal expenses and the Settling Parties' respective legal expenses. Administrative Expenses shall be paid from the Gross Settlement Amount.

**2.2**    "Active Account" means an individual investment account in the Plans with a balance greater than $0 as of December 31, 2024.

**2.3**    "Alternate Payee" means a person other than a participant or Beneficiary in the Plans who is entitled to a benefit under the Plans as a result of a Qualified Domestic Relations Order.

**2.4**    "Attorneys' Fees and Costs" means the amount awarded by the Court as compensation for the services provided by Class Counsel and to be provided by Class Counsel in the future during the Settlement Period. The amount of attorneys' fees for Class Counsel shall not exceed one third (1/3) of the Gross Settlement Amount (i.e., $2,733,333.33), which shall be recovered from the Gross Settlement Amount, and will not include attorneys' fees (1) from the interest earned on the Gross Settlement Amount; (2) for time associated with administering the Settlement; and (3) for work required to enforce the proposed Settlement, if necessary. Class Counsel also will seek reimbursement for all litigation costs and expenses advanced and carried by Class Counsel for the duration of this litigation, including the pre-litigation investigation period, not to exceed $600,000, which also shall be recovered from the Gross Settlement Amount.

**2.5**    "Authorized Former Participant" means a Former Participant who has submitted a completed, satisfactory Former Participant Claim Form with a postmarked date by the Claims Deadline, or electronically submitted the same Form online no later than the Claims Deadline, set by the Court in the Preliminary Order, and whose Former Participant Claim Form is accepted by the Settlement Administrator.

**2.6**    "Beneficiary" means a person who currently is entitled to receive a benefit under the Plans upon the death of a participant in any of the Plans, other than an Alternate Payee. A Beneficiary includes, but is not limited to, a spouse, surviving spouse, domestic partner, or child, or other person designated by the Participant Class Member who currently is entitled to a benefit.

**2.7**    "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715.

**2.8**    "Claims Deadline" means a date that is no later than ten (10) calendar days before the Final Fairness Hearing.

**2.9**    "Class" means all participants in the PPL Employee Savings Plan, PPL Deferred Savings Plan, PPL Employee Stock Ownership Plan, and LG&E and KU Savings Plan from January 12, 2016 through June 30, 2020, who invested in a Northern Trust Focus Fund target date fund through an individual Plan account, and their beneficiaries, excluding Defendants.

Exhibit A

**2.10** "Class Action" means *Binder, et al. v. PPL Corporation, et al.*, Case No. 5:22-cv-00133, in the United States District Court for the Eastern District of Pennsylvania.

**2.11** "Class Counsel" means Schlichter Bogard LLP, 100 S. Fourth Street, Suite 1200, St. Louis, Missouri, 63102.

**2.12** "Class Members" means all individuals in the Class, including the Class Representatives.

**2.13** "Class Period" means the period from January 12, 2016 through June 30, 2020.

**2.14** "Class Representatives" means David B. Binder, George Knebel, Todd A. Messner, Deborah Shobe, Diana Klotz, and William Simmendinger.

**2.15** "Class Representatives' Compensation" means an amount to be determined by the Court, but not to exceed $20,000 for each Class Representative, which shall be paid from the Gross Settlement Amount directly to each Class Representative.

**2.16** "Court" means the United States District Court for the Eastern District of Pennsylvania.

**2.17** "Current Participant" means a person who participated in the Plans during the Class Period and had an Active Account as of December 31, 2024.

**2.18** "Defendants" means Defendants PPL Corporation, PPL Services Corporation, Board of Directors of PPL Corporation, Board of Directors of PPL Services Corporation, Employee Benefit Plan Board of PPL Corporation (the "EBPB"), and LG&E and KU Energy.

**2.19** "Defense Counsel" means counsel for Defendants, including O'Melveny & Myers LLP and Levan Law LLC.

**2.20** "Escrow Agent" means an entity agreed to by the Settling Parties.

**2.21** "Final Fairness Hearing" means the hearing scheduled by the Court to consider (a) any objections from Class Members to the Settlement Agreement; (b) Class Counsel's petition for Attorneys' Fees and Costs and Class Representatives' Compensation; and (c) whether to finally approve the Settlement under Federal Rule of Civil Procedure 23.

**2.22** "Final Order" means the entry of the order and final judgment approving the Settlement Agreement, implementing the terms of this Settlement Agreement, and dismissing the Class Action with prejudice, to be proposed by the Settling Parties for approval by the Court, in substantially the form attached as Exhibit 5 hereto.

If no objection has been timely filed with respect to the Settlement, the Settling Parties agree that "Final" means the date of the entry of the Final Order.

Exhibit A

If an objection has been timely filed with respect to the Settlement, "Final" means, with respect to any judicial ruling, order, or judgment, that the period for any motions for reconsideration, motions for rehearing, appeals, petitions for certiorari, or the like ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been initiated in a timely manner, that it has been fully and finally resolved, either by court action or by voluntary action of any party, without any possibility of a reversal, vacatur, or modification of any judicial ruling, order, or judgment, including the exhaustion of all proceedings in any remand or subsequent appeal and remand. The Settling Parties agree that absent an appeal or other attempted Review Proceeding, the period after which the Final Order becomes Final is thirty-five (35) calendar days after its entry by the Court.

**2.23**   "Focus Funds" shall mean the Northern Trust Focus Funds target date fund suite.

**2.24**   "Former Participant" is a member of the Class who did not have an Active Account as of December 31, 2024.

**2.25**   "Former Participant Claim Form" means the form described generally in Paragraph 3.4.2 and substantially in the form attached as Exhibit 1.

**2.26**   "Gross Settlement Amount" means the sum of eight million, two hundred thousand dollars ($8,200,000.00) contributed to the Qualified Settlement Fund in accordance with Article 5. The Gross Settlement Amount shall be the full and sole monetary payment made on behalf of Defendants in connection with the Settlement effectuated through this Settlement Agreement. Defendants and their insurers will make no additional payment in connection with the Settlement of the Class Action.

**2.27**   "Independent Fiduciary" means Gallagher Fiduciary Advisors, LLC ("Gallagher), which shall be retained by Defendants on behalf of the Plans and serve as an independent fiduciary to approve and authorize the settlement of Released Claims on behalf of the Plans in accordance with Article 3. Gallagher has no relationship to or interest in any of the Settling Parties.

**2.28**   "Mediator" means a mediator to be mutually agreed upon by the Settling Parties.

**2.29**   "Net Settlement Amount" means the Gross Settlement Amount minus: (a) all Attorneys' Fees and Costs paid to Class Counsel; (b) all Class Representatives' Compensation as authorized by the Court; (c) all Administrative Expenses; and (d) a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties that is set aside by the Settlement Administrator for: (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date but before the end of the Settlement Period, and (3) twenty thousand dollars ($20,000.00) estimated for adjustments of data or calculation errors.

**2.30**   "Plaintiffs" means the Class Representatives and the Class Members.

Exhibit A

**2.31**    "Plans" means the PPL Employee Savings Plan, PPL Deferred Savings Plan, PPL Employee Stock Ownership Plan, and the LG&E and KU Savings Plan.

**2.32**    "Plan of Allocation" means the methodology for allocating and distributing the Net Settlement Amount in accordance with Article 6 herein.

**2.33**    "Preliminary Order" means the order proposed by the Settling Parties and approved by the Court in connection with the Motion for Entry of the Preliminary Order to be filed by Class Representatives through Class Counsel, as described in Paragraph 3.2 and in substantially the form attached hereto as Exhibit 2.

**2.34**    "Protective Orders" means the Confidentiality Order (Dkt. 35), and the Stipulation and Order for Discovery of Hard Copy Documents and Electronically Stored Information entered by the Court (Dkt. 34).

**2.35**    "Qualified Settlement Fund" or "Settlement Fund" means the interest-bearing settlement fund account to be established and maintained by the Escrow Agent in accordance with Article 5 herein and referred to as the Qualified Settlement Fund (within the meaning of Treas. Reg. § 1.468B-1).

**2.36**    "Released Parties" means (a) Defendants PPL Corporation, PPL Services Corporation, Board of Directors of PPL Corporation, Board of Directors of PPL Services Corporation, Employee Benefit Plan Board of PPL Corporation (the "EBPB"), and LG&E and KU Energy; (b) their insurers, co-insurers, and reinsurers; (c) their past, present, and future parent corporation(s); (d) their past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns; (e) their past, present, and future agents, officers, employees, trustees, boards of trustees, members of their board of trustees, board of directors, members of the board of directors, managers, independent contractors, representatives, attorneys, administrators, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, committees, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plans (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them; and (f) the Plans and the Plans' fiduciaries, administrators, plan administrators, recordkeepers, service providers, consultants, and parties-in-interest.

**2.37**    "Released Claims" means any and all actual or potential claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether arising under federal, state, or local law, whether by statute, contract, or equity, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, for actions, omissions, inactions, or conduct with respect to the Plans arising on or before the date of the Preliminary Order:

Exhibit A

**2.37.1**  That were asserted or could have been asserted in the Class Action, or that arise out of, relate to, or are based on any of the allegations, acts, omissions, facts, matters, transactions, or occurrences that were alleged, asserted, or set forth in the Complaint; or

**2.37.2**  That arise out of, relate in any way to, are based on, or have any connection with: (1) the selection, monitoring, oversight, retention, fees, expenses or performance of any of the Plans' investment options (including without limitation any advice provided in connection with the Plans' investment options); (2) the selection, monitoring, oversight or cost of the share classes of the Plans' investment options; (3) the selection, monitoring, oversight, retention, fees, expenses, compensation, or performance of the Plans' service providers; (4) the selection, nomination, appointment, compensation, retention, monitoring, and removal of the Plans' fiduciaries; (5) the fees, costs, or expenses charged to, paid, or reimbursed by the Plans or any Class Member; (6) the services provided to the Plans or the cost of those services; (7) the disclosures or alleged failures to disclose information to the Plans' participants; (8) the restructuring or modification of the Plans' investment lineup; (9) any alleged breach of the duty of loyalty, care, prudence, diversification, or any other fiduciary duties relating to the Plans' investment options or service providers or associated fees, expenses, or costs, including the use of participant data; (10) engaging in self-dealing or prohibited transactions related to the Plans' investment options or service providers, or any alleged breach of the duty of loyalty, care, or prudence; or

**2.37.3**  That would be barred by *res judicata* based on entry of the Final Order; or

**2.37.4**  That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund to the Plans or any member of the Class in accordance with the Plan of Allocation; or

**2.37.5**  That relate to the approval by the Independent Fiduciary of the Settlement Agreement, unless brought against the Independent Fiduciary alone.

**2.37.6**  "Released Claims" specifically exclude (a) those claims not related to 2.37.1 – 2.37.5 above; (b) claims of individual denial of benefits from the Plans under 29 U.S.C. § 1132(a)(1)(B) that do not fall within any of the categories identified in Paragraphs 2.37.1 – 2.37.5; (c) labor or employment claims unrelated to the Plan, including by way of example only, claims arising under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Equal Pay Act, 42 U.S.C. § 1981, the Fair Labor Standards Act, the Family and Medical Leave Act, the National Labor Relations Act, the Sarbanes Oxley Act, the Dodd-Frank Wall Street Reform and Protection Act, state anti-discrimination and wage-payment laws, claims for wrongful termination under state common law and other state law claims of a similar nature to those set forth in this subpart; and

Exhibit A

(d) claims arising exclusively from conduct with respect to the Plans occurring after the date of the Preliminary Order.

**2.38**  "Settlement" or "Settlement Agreement" refers to the agreement embodied in this agreement and its exhibits.

**2.39**  "Settlement Administrator" means Analytics Consulting LLC, which has been retained by Class Counsel to administer the Settlement and Plan of Allocation, including preparing and disseminating the CAFA notices, sending the Settlement Notices to Class Members, and establishing the Settlement Website and telephone support line.

**2.40**  "Settlement Agreement Execution Date" means that date on which the final signature is affixed to this Settlement Agreement.

**2.41**  "Settlement Effective Date" means the date on which the Final Order is Final, provided that by such date the Settlement has not been terminated in accordance with Article 10.

**2.42**  "Settlement Notice" means the Notices of Class Action Settlement and Final Fairness Hearing to be sent to Class Members identified by the Settlement Administrator following the Court's issuance of the Preliminary Order, in substantially the form attached hereto as Exhibits 3 and 4. The Settlement Notice also shall inform Class Members of a Final Fairness Hearing to be held before the Court, on a date to be determined by the Court, at which any Class Member satisfying the conditions set forth in the Preliminary Order and the Settlement Notice may be heard regarding: (a) the terms of the Settlement Agreement; (b) the petition of Class Counsel for award of Attorneys' Fees and Costs; (c) payment of and reserve for Administrative Expenses; and (d) the Class Representatives' Compensation. The Settlement Notice shall inform Former Participants of the Claims Deadline by which they must file a completed Former Participant Claim Form to be eligible for a distribution in accordance with the Plan of Allocation.

**2.43**  "Settlement Period" means the period starting on the Settlement Effective Date and continuing for eighteen (18) months thereafter.

**2.44**  "Settlement Website" means the internet website established in accordance with Paragraph 11.2.

**2.45**  "Settling Parties" means Defendants and the Class Representatives, on behalf of themselves, the Plans, and each of the Class Members.

**2.46**  "Zero Account Balance Current Participant" means a Current Participant with an individual investment account in the Plans with a balance equal to or less than $0 as of the date the Settlement Administrator provides the Current Participant information to the Plans' recordkeeper in accordance with Paragraph 6.4.1.

8

Exhibit A

3.    **Article 3 – Review and Approval by Independent Fiduciary, Preliminary Settlement Approval, and Notice to the Class**

3.1    The Independent Fiduciary, Gallagher, shall have the following responsibilities, including whether to approve and authorize the settlement of Released Claims on behalf of the Plans.

    3.1.1    The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39"), in making its determination.

    3.1.2    The Independent Fiduciary shall notify Defendants directly of its determination, in writing (with copies to Class Counsel and Defense Counsel), which notification shall be delivered no later than thirty (30) calendar days before the Final Fairness Hearing.

    3.1.3    All fees and expenses associated with the Independent Fiduciary's determination and performance of its other obligations in connection with the Settlement will constitute Administrative Expenses to be deducted from the Gross Settlement Amount.

    3.1.4    Defendants, Defense Counsel, and Class Counsel shall respond to reasonable requests by the Independent Fiduciary for information so that the Independent Fiduciary can review and evaluate the Settlement Agreement.

    3.1.5    If Defendants conclude that the Independent Fiduciary's determination does not comply with PTE 2003-39 or is otherwise deficient, Defendants shall so inform the Independent Fiduciary within fifteen (15) calendar days of receipt of the determination, copying Class Counsel.

    3.1.6    The Independent Fiduciary shall be bound by the Protective Orders and any further non-disclosure or security protocols required by the Settling Parties.

3.2    Class Representatives, through Class Counsel, shall file with the Court a motion seeking preliminary approval of this Settlement Agreement and entry of the Preliminary Order in substantially the form attached hereto as Exhibit 2. The Preliminary Order to be presented to the Court shall, among other things:

    3.2.1    Approve the text of the Settlement Notice and Former Participant Claim Form for mailing or sending by electronic means to Class Members and Former Participants identified by the Settlement Administrator to notify them (a) of the Final Fairness Hearing; and (b) that notice of changes to the Settlement Agreement, future orders regarding the Settlement, modifications to the Class Notice, changes in the date or timing of the Final Fairness Hearing, or other modifications to the Settlement, including the

Exhibit A

Plan of Allocation, may be provided to the Class through the Settlement Website without requiring additional mailed or electronic notice;

**3.2.2**   Determine that under Rule 23(c)(2) of the Federal Rules of Civil Procedure, the Settlement Notices constitute the best notice practicable under the circumstances, provide due and sufficient notice of the Final Fairness Hearing and of the rights of all Class Members, and comply fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law;

**3.2.3**   Cause the Settlement Administrator to send by electronic means or by first-class mail, postage prepaid, the Settlement Notice to each Class Member identified by the Settlement Administrator, and the Former Participant Claim Form to each Former Participant identified by the Settlement Administrator, based upon the data provided by the Plans' recordkeeper;

    **3.2.3.1**   If electronic notice is used, a second email will be sent seven (7) calendar days after the initial notice was transmitted by electronic means. Any Former Participant who was sent electronic notice and who has not returned a Former Participant Claim Form fourteen (14) days after the initial notice will be sent a notice and claim form by first class mail.

**3.2.4**   Provide that, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against Defendants, the Released Parties, or the Plan;

**3.2.5**   Set the Final Fairness Hearing for no sooner than one hundred twenty (120) calendar days after the date the Motion for Entry of the Preliminary Order is filed, in order to determine whether (a) the Court should approve the Settlement as fair, reasonable, and adequate; (b) the Court should enter the Final Order; and (c) the Court should approve the application for Attorneys' Fees and Costs, Class Representatives' Compensation, Administrative Expenses incurred to date, and a reserve for anticipated future Administrative Expenses;

**3.2.6**   Provide that any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Final Fairness Hearing if they have been filed validly with the Clerk of the Court and copies have been provided to Class Counsel and Defense Counsel. To be filed validly, the objection and any notice of intent to appear or supporting documents must be filed at least thirty (30) calendar days prior to the scheduled Final Fairness Hearing. Any person wishing to speak at the Final Fairness Hearing shall file and serve a notice of intent to appear within the time limitation set forth above;

Exhibit A

**3.2.7** Provide that a Settling Party may, but is not required to, serve discovery requests, including requests for documents and notices of deposition not to exceed two (2) hours in length, on any objector within ten (10) calendar days of receipt of the objection, and that any responses to discovery or depositions must be completed within ten (10) calendar days of the discovery request being served on the objector;

**3.2.8** Provide that any party may file a response to an objection by a Class Member before the Final Fairness Hearing;

**3.2.9** Set a deadline no later than ten (10) calendar days prior to the Final Fairness Hearing by which each Former Participant must file a Former Participant Claim Form with the Settlement Administrator in order to be considered for a distribution in accordance with the Plan of Allocation;

**3.2.10** Provide that the Final Fairness Hearing may, without further direct notice to the Class Members, other than by notice to Class Counsel, be adjourned or continued by order of the Court; and

**3.2.11** Approve the form of the CAFA Notices attached as Exhibit 6 and order that, upon mailing of the CAFA notices by the Settlement Administrator, Defendants shall have fulfilled their obligations under CAFA.

**3.3** Defendants and Defense Counsel shall use reasonable efforts to respond timely to written requests, including by e-mail, from the Settlement Administrator for readily accessible data that is reasonably necessary to determine the feasibility of administering the Plan of Allocation or to implement the Plan of Allocation. The actual and reasonable expenses of any third party, including the Plans' recordkeeper, that are necessary to perform such work shall be Administrative Expenses to be deducted from the Gross Settlement Amount. All necessary data shall be delivered to the Settlement Administrator at least fourteen (14) calendar days before the deadline for issuance of the Settlement Notice as provided in Paragraph 3.4 below.

**3.3.1** The Settlement Administrator shall be bound by the Protective Orders and any further non-disclosure or security protocols required by the Settling Parties.

**3.3.2** The Settlement Administrator shall use the data provided by Defendants and the Plans' recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator under this Settlement Agreement, and for no other purpose.

**3.3.3** At the request of the Settling Parties, the Settlement Administrator shall provide a written protocol concerning how the Settlement Administrator will maintain and store information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

11

Exhibit A

**3.4** By the date and in the manner set by the Court in the Preliminary Order or at least sixty (60) calendar days prior to the date of the Final Fairness Hearing, and unless otherwise set forth below, the Settlement Administrator shall:

**3.4.1** Cause to be sent to each Class Member identified by the Settlement Administrator a Settlement Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached hereto as Exhibits 3 and 4 or a form subsequently agreed to by the Settling Parties and approved by the Court. The Settlement Notice shall be sent to the last known e-mail address, or absent a known e-mail address (or where a known e-mail address is determined to be invalid) then mailed by first-class mail, postage prepaid, to the last-known address of each Class Member provided by the Plans' recordkeeper (or its designee(s)) through Defense Counsel, unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by the Plans' recordkeeper (or its designee(s)). The Settlement Administrator also shall post a copy of the Settlement Notice on the Settlement Website. The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-send such documents one additional time.

**3.4.2** Cause the Former Participant Claim Form, which shall be in substantially the form attached as Exhibit 1, or a form subsequently agreed to by the Settling Parties and approved by the Court, to be included with the Settlement Notice that is sent by electronic means or mailed to the Former Participants.

**3.5** No later than ten (10) calendar days after the filing of the motion for preliminary approval of the Settlement, the Settlement Administrator shall serve the CAFA notices in substantially the form attached as Exhibit 6 hereto on the Attorney General of the United States, the Secretary of the Department of Labor, and the attorneys general of all states in which Class Members reside, as specified by 28 U.S.C. § 1715.

**4.** **Article 4 – Final Settlement Approval**

**4.1** No later than ten (10) business days before the Final Fairness Hearing, Class Counsel shall submit to the Court a motion for entry of the Final Order (Exhibit 5) in the form approved by Class Counsel and Defense Counsel, which shall request approval by the Court of the terms of this Settlement Agreement and entry of the Final Order in accordance with this Settlement Agreement. The Final Order as proposed by the Settling Parties shall provide for the following, among other things, as is necessary to carry out the Settlement consistent with applicable law and governing Plan documents:

**4.1.1** Approval of the Settlement of the Released Claims covered by this Settlement Agreement adjudging the terms of the Settlement Agreement to

Exhibit A

be fair, reasonable, and adequate to the Plans and the Class Members and directing the Settling Parties to take the necessary steps to effectuate the terms of the Settlement Agreement;

**4.1.2**   A determination under Rule 23(c)(2) of the Federal Rules of Civil Procedure that the Settlement Notice constitutes the best notice practicable under the circumstances and that due and sufficient notice of the Final Fairness Hearing and the rights of all Class Members has been provided;

**4.1.3**   That the Court should declare that neither the Final Approval Order nor this Settlement Agreement constitutes an admission by any of the Defendants of any liability, fault, or wrongdoing of any kind;

**4.1.4**   Dismissal with prejudice of the Class Action and all Released Claims asserted therein whether asserted by Class Representatives on their own behalf, on behalf of the Class Members, or on behalf of the Plans, without costs to any of the Settling Parties other than as provided for in this Settlement Agreement;

**4.1.5**   That the Plans and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be (a) conclusively deemed to have, and by operation of the Final Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims; and (b) barred and enjoined from suing any of the Released Parties in any action or proceeding alleging any of the Released Claims. The provisions (a) and (b) shall apply even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Class Members receive a monetary benefit from the Settlement, whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed;

**4.1.6**   That each Class Member shall release the Released Parties, Defense Counsel, and Class Counsel from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and from all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

**4.1.7**   That all applicable CAFA requirements have been satisfied;

Exhibit A

**4.1.8**   That the Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant in accordance with the Plan of Allocation approved by the Court;

**4.1.9**   That, with respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion, including whether a Former Participant Claim Form should be accepted in the first instance;

**4.1.10**   That, with respect to any matters that arise concerning the implementation of distributions to Current Participants (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plans' administrator or other fiduciaries of the Plans, in accordance with applicable law and the governing terms of the Plans; and

**4.1.11**   That within seven (7) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

**4.2**   The Final Order and judgment entered by the Court approving the Settlement Agreement shall provide that upon its entry all Settling Parties, the Class, and the Plans shall be bound by the Settlement Agreement and by the Final Order.

**5.**   **Article 5 – Establishment of Qualified Settlement Fund**

**5.1**   No later than five (5) business days after entry of the Preliminary Order, the Escrow Agent shall establish an escrow account. Within forty-eight (48) hours of establishing the escrow account, the Escrow Agent shall furnish to Defendants in writing the escrow account name, IRS W-9 Form, and all necessary wiring instructions. The Settling Parties agree that the escrow account is intended to be, and will be, an interest-bearing Qualified Settlement Fund within the meaning of Treas. Reg. § 1.468B-1. In addition, the Escrow Agent timely shall make such elections as necessary or advisable to carry out the provisions of this Paragraph 5.1, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

Exhibit A

**5.2**     For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent, or the Settlement Administrator on its behalf, shall timely and properly cause to be filed all informational and other tax returns necessary or advisable with respect to the Gross Settlement Amount (including without limitation applying for a Taxpayer Identification Number for the Fund and filing the returns described in Treas. Reg. § 1.468B-2(k)). Such returns as well as the election described in Paragraph 5.1 shall be consistent with this Article 5 and, in all events, shall reflect that all taxes (as defined in Paragraph 5.3 below) (including any estimated taxes, interest, or penalties) on the income earned by the Gross Settlement Amount shall be deducted and paid from the Gross Settlement Amount as provided in Paragraph 5.3 hereof.

**5.3**     Taxes and tax expenses are Administrative Expenses to be deducted and paid from the Gross Settlement Amount, including but not limited to: (a) all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Gross Settlement Amount, including any taxes or tax detriments that may be imposed upon Defendants, Defendants' insurers, or Defense Counsel with respect to any income earned by the Gross Settlement Amount for any period during which the Gross Settlement Amount does not qualify as a "qualified settlement fund" for federal or state income tax purposes; and (b) all tax expenses and costs incurred in connection with the operation and implementation of this Article 5 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Article 5). Such taxes and tax expenses shall be Administrative Expenses and shall be paid timely by the Escrow Agent out of the Gross Settlement Amount without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves for any taxes and tax expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); neither the Released Parties, Defense Counsel, nor Class Counsel are responsible nor shall they have any liability therefor. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article 5.

**5.4**     Within thirty (30) calendar days after the later of (a) the date the Preliminary Order is entered, or (b) the date the escrow account described in Paragraph 5.1 is established, Defendants shall deposit one hundred thousand dollars ($100,000) into the Qualified Settlement Fund.

**5.5**     Within five (5) business days after the Settlement Effective Date, Defendants shall deposit eight million, one hundred thousand dollars ($8,100,000) into the Qualified Settlement Fund.

**5.6**     The Escrow Agent shall, at the written direction of Class Counsel, invest the Qualified Settlement Fund in short-term United States Agency or Treasury

Securities or other instruments backed by the Full Faith and Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates.

**5.7**     The Escrow Agent shall not disburse the Qualified Settlement Fund or any portion except as provided in this Settlement Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and Defense Counsel. Subject to the orders of the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

**5.8**     Within one hundred fifty (150) calendar days after the Settlement Effective Date, the Gross Settlement Amount shall be distributed from the Qualified Settlement Fund as follows: (a) first, all Attorneys' Fees and Costs shall be paid to Class Counsel within seven (7) business days after the Settlement Effective Date; (b) second, all Administrative Expenses not paid previously shall be paid within seven (7) business days after the Settlement Effective Date; (c) third, any Class Representatives' Compensation ordered by the Court shall be paid within seven (7) business days after the Settlement Effective Date; (d) fourth, a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties shall be set aside by the Settlement Administrator for: (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid; (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date but before the end of the Settlement Period; and (3) an amount estimated for adjustments of data or calculation errors; and (e) fifth, the Net Settlement Amount to be distributed in accordance with the Plan of Allocation. Pending final distribution of the Net Settlement Amount in accordance with the Plan of Allocation, the Escrow Agent will maintain the Qualified Settlement Fund.  The Gross Settlement Amount shall remain in the Qualified Settlement Fund at all reasonable times until necessary to effectuate the aforementioned disbursements.

**5.9**     The Escrow Agent, or the Settlement Administrator on its behalf, shall be responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund, and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it. The Released Parties, Defense Counsel, and/or Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.

**5.10**   No later than February 15 of the year following the calendar year in which Defendants, their insurers, or agents make a transfer to the Qualified Settlement Fund in accordance with the terms of this Article 5, Defendants, their insurers, or agents shall timely furnish a statement to the Escrow Agent, or the Settlement Administrator on its behalf, that complies with Treas. Reg. § 1.468B-3(e)(2), which may be a combined statement under Treas. Reg. § 1.468B3(e)(2)(ii), and shall attach a copy of the statement to their federal income tax returns filed for the taxable

Exhibit A

year in which Defendants, their insurers, or agents make a transfer to the Qualified Settlement Fund.

**6.    Article 6 – Plan of Allocation**

6.1    After the Settlement Effective Date, the Settlement Administrator shall cause the Net Settlement Amount to be allocated and distributed to Authorized Former Participants and those Current Participants covered by Paragraphs 6.5, 6.6, and 6.7 below, and to the Plans for distribution to the remaining Current Participants in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.  The Net Settlement Amount shall remain in the Qualified Settlement Fund at all reasonable times until necessary to effectuate the aforementioned disbursements.

6.2    To be eligible for a distribution from the Net Settlement Amount, a person must be a Current Participant, an Authorized Former Participant, or a Beneficiary or Alternate Payee of such a person.

6.2.1    Current Participants shall receive their settlement payments as either contributions to their account(s) in their respective Plan(s) or by check, as provided in Paragraphs 6.4 and 6.5 below.

6.2.2    Authorized Former Participants shall receive their settlement payments in the form of a check, as provided in Paragraph 6.6 below.

6.2.3    Beneficiaries shall receive payments by check in amounts corresponding to their entitlement as beneficiaries of the Current Participant or  Authorized Former Participant with respect to which the payment is made. Alternate Payees shall receive payments by check if and to the extent they are entitled to receive a portion of a Current Participant's or Authorized Former Participant's allocation under this Article 6 in accordance with the terms of the applicable Qualified Domestic Relations Order. The Settlement Administrator shall have sole and final discretion to determine the amounts to be paid to Beneficiaries and Alternate Payees in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.

6.3    **Calculation of Settlement Payments**. Payments to Authorized Former Participants and Current Participants shall be calculated by the Settlement Administrator in accordance with the Plan of Allocation as follows:

6.3.1    The Settlement Administrator shall obtain from Class Counsel, Defendants, or the Plans' recordkeeper the quarter-ending account balances invested in the Northern Trust Focus Funds for each Class Member during the Class Period, as well as data reflecting the allocation of new contributions among the Plans' investment options for each Current Participant. Defendants agree to provide the necessary approvals authorizing transmission of such information to the Settlement Administrator.

**6.3.2** Payments to Current Participants and Authorized Former Participants shall be calculated by the Settlement Administrator.

    1.    The allotted percentage of the Net Settlement Amount will be divided using the following method:

        (i)    The end-of-quarter balances in the Northern Trust Focus Funds for the Class Period of each Current Participant and each Authorized Former Participant are identified for each quarter;

        (ii)    All end-of-quarter balances identified in step (i) are summed together for each Current Participant and each Authorized Former Participant;

        (iii)    An average end-of-quarter balance for each Current Participant and each Authorized Former Participant is calculated for the Class Period (with a zero included as the balance for any quarter during which the individual did not participate in the Plan(s) or invest in the Focus Funds through an account in the Plan(s));

        (iv)    For each Current Participant and each Authorized Former Participant, the average end-of-quarter balance of step (iii) is divided by the average end-of-quarter balance for the Class Period of all Current and Authorized Former Participants;

        (v)    Each Current Participant and each Authorized Former Participant will receive the fraction of the Net Settlement Amount that corresponds with their allocated percentage calculated in step (iv).

    2.    The amounts resulting from this initial calculation shall be known as the "Preliminary Entitlement Amount."

**6.3.3** Class Members who are entitled to a distribution of less than ten dollars ($10.00) will receive a payment of $10.00 (the "De Minimis Amount") from the Net Settlement Amount. The Settlement Administrator shall progressively increase Class Members' awards falling below the De Minimis Amount until the lowest Current Participant and Authorized Former Participant award is the De Minimis Amount, *i.e.,* ten dollars ($10.00). The resulting calculation shall be known as the "Final Entitlement Amount" for each Class Member.

**6.3.4** The Settlement Administrator shall determine the total settlement payment available to each Current Participant and Authorized Former Participant by

Exhibit A

calculating each such participant's share of the Net Settlement Amount as set forth above.

**6.3.5**  The Settlement Administrator shall complete all payment calculations for all Current Participants and Authorized Former Participants within thirty (30) business days after the Settlement Effective Date.

**6.3.6**  The Settlement Administrator shall utilize the calculations required to be performed herein for (a) making the required payments to Current Participants and Authorized Former Participants under Paragraphs 6.5, 6.6, and 6.7 of the Settlement Agreement; and (b) instructing the Plans as to the amounts to be distributed to Current Participants under Paragraph 6.4 of the Settlement Agreement and calculating the total amount to deposit into each Current Participant's Active Account(s) to fulfill this instruction.

**6.3.7**  The total amount of all checks to be written by the Settlement Administrator plus the total amount of all credits that the Plans are instructed to make to Current Participants' Active Account(s) may not exceed the Net Settlement Amount. Nothing in this Paragraph is intended to modify the requirements of Paragraph 6.8 below. In the event that the Settlement Administrator determines that the Plan of Allocation would otherwise require payments exceeding the Net Settlement Amount, the Settlement Administrator is authorized to make such changes as are necessary to the Plan of Allocation such that said totals do not exceed the Net Settlement Amount.

**6.3.8**  The Released Parties shall not have any responsibility for or liability whatsoever with respect to the Plan of Allocation, including, but not limited to, the determination of the Plan of Allocation or the reasonableness of the Plan of Allocation.

**6.4**  **Payments to Current Participants**. Current Participants will not be required to submit a Former Participant Claim Form to receive a settlement payment.

**6.4.1**  Within two (2) business days after the Settlement Administrator has completed all payment calculations for all Current Participants, the Settlement Administrator will provide notice to Defendants and send to the Plans' recordkeeper an Excel spreadsheet containing the name, Social Security number, and the amount of the settlement payment to be made by that recordkeeper into the Active Account(s) for each Current Participant.

**6.4.2**  Within five (5) business days after the Settlement Administrator provides the Current Participant information detailed in Paragraph 6.4.1 to the Plans' recordkeeper, the recordkeeper will provide the Settlement Administrator a list of which Current Participants (if any) are Zero Account Balance Current Participants.

**6.4.3**  Thereafter, within ten (10) business days' written notice to Defendants (or their designee) as provided in Paragraph 6.4.1, the Settlement Administrator

shall effect a transfer from the Qualified Settlement Fund to the Plans' recordkeeper of the aggregate amount of all settlement payments payable to Current Participants, as reflected in the spreadsheets provided by the Settlement Administrator, less the amount of all settlement payments payable to Zero Account Balance Current Participants.

**6.4.4**    Defendants (or their designee) shall direct the Plans' recordkeeper to credit the individual Active Account(s) of each Current Participant who is not a Zero Account Balance Current Participant in an amount equal to that stated on the spreadsheets provided by the Settlement Administrator in relation to such Current Participant.

**6.4.5**    The settlement payment for each Current Participant who is not a Zero Account Balance Current Participant will be invested in accordance with and proportionate to such Current Participant's investment elections then on file for new contributions. If there is no investment election for new contributions on file for any Current Participant who is not a Zero Account Balance Current Participant, then such Current Participant shall be deemed to have directed such payment to be invested in the relevant Plans' "Qualified Default Investment Alternative" as defined in 29 C.F.R. § 2550.404c-5.

**6.4.6**    The Plans' recordkeeper shall process all transactions for Current Participants who are not Zero Account Balance Current Participants within forty-five (45) calendar days of receiving direction from Defendants (or their designee) for any such Current Participant.

**6.5**    **Payments to Zero Account Balance Current Participants**. For each Zero Account Balance Current Participant, the Settlement Administrator shall issue a check from the Qualified Settlement Fund and mail the check to the address of the Zero Account Balance Current Participant then on file. Zero Account Balance Current Participants need not complete a Former Participant Claim Form. The checks shall be issued within the same timing as Paragraph 5.8.

**6.5.1**    For each check issued, the Settlement Administrator shall (a) calculate and withhold any applicable taxes associated with the payments allocable to the Current Participant; (b) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agents; and (c) issue appropriate tax forms to the Current Participant.

**6.6**    **Payments to Authorized Former Participants**. The Former Participant Claim Form shall advise the Authorized Former Participant that any distribution in accordance with the Settlement may be rollover eligible and of their right to roll over such an amount. If the Authorized Former Participant elects to treat the Settlement Distribution as a rollover, the Settlement Administrator shall follow proper rollover instructions provided by the Authorized Former Participant. Neither the Released Parties, Defense Counsel, nor Class Counsel shall have any

20

responsibility for or liability whatsoever with respect to any tax advice given to Authorized Former Participants or Current Participants.

6.7    For each Authorized Former Participant, the Settlement Administrator will issue a single check from the Qualified Settlement Fund and mail the check to the address of such Authorized Former Participant listed in his or her Former Participant Claim Form or, in the case of ambiguity or uncertainty, to the address of such person as determined by the Settlement Administrator using commercially reasonable means. The checks shall be issued within the same timing as Paragraph 5.8. The check shall be issued as follows:

6.7.1    For all Authorized Former Participants whose check is over two hundred dollars ($200), the check will be made out to the specific plan in which they invested and will be sent with an optional rollover form.

6.7.2    For each check issued, the Settlement Administrator shall (a) calculate and withhold any applicable taxes associated with the payments allocable to the Authorized Former Participant; (b) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agents; and (c) issue appropriate tax forms to the Authorized Former Participants.

6.7.3    The Settlement Administrator shall advise the Authorized Former Participant that any distribution in accordance with the Settlement is rollover eligible and of their right to rollover such an amount and shall follow proper rollover instructions provided by the Authorized Former Participant.

6.8    This Plan of Allocation is based upon preliminary data regarding the Class Members who may be entitled to settlement payments. If the Settlement Administrator concludes that it is impracticable to implement any provision of this Plan of Allocation, the Settling Parties will modify promptly the terms of this Plan of Allocation and present such modified terms, first, to the Independent Fiduciary for its review and approval and, second, to the Court for its approval. Direct mailed or electronic notice to Class Members of such proposed modification of the Plan of Allocation shall not be required. However, notice of such proposed modification shall be posted on the Settlement Website within five (5) business days of the date that the proposed modification is submitted to the Court for its approval. If the proposed modification is implemented, notice of such modification shall be posted on the Settlement Website within five (5) business days of the date that the Court approves the modification.

6.8.1    The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

6.9    Within ten (10) business days of completing all aspects of this Plan of Allocation, the Settlement Administrator shall send to Class Counsel and Defense Counsel one

Exhibit A

or more affidavits stating the following: (a) the name of each Class Member to whom the Settlement Administrator sent the Settlement Notice or the Former Participant Claim Form, and the address of such mailing; (b) the date(s) upon which the Settlement Administrator sent the Settlement Notice or the Former Participant Claim Form; (c) the name of each Class Member whose Settlement Notice or Former Participant Claim Form was returned as undeliverable; (d) the efforts made by the Settlement Administrator to find the correct address and to deliver the Settlement Notice or Former Participant Claim Form for each such Class Member; and (e) the name of each Class Member to whom the Settlement Administrator made a distribution from the Net Settlement Amount, together with the amount of the distribution, the name of the payee, the date of distribution, the amount of tax withholdings, if applicable, and the date of remittance of tax withholdings to the appropriate tax authority, if applicable. These affidavits and the accompanying information shall be considered "Confidential" under the terms of the Protective Orders.

6.10    The Settling Parties acknowledge that any payments to Class Members or their attorneys may be subject to applicable tax laws. Defendants, Defense Counsel, Class Counsel, and Class Representatives will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in this Settlement Agreement. To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement. Payments from the Qualified Settlement Fund shall not be treated as wages by the Settling Parties.

6.11    Each Class Member, Beneficiary, or Alternate Payee who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each such Class Member, Beneficiary, or Alternate Payee shall hold the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement, and shall hold the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

6.12    All checks issued in accordance with this Plan of Allocation shall expire no later than one hundred twenty (120) calendar days after their issue date. All checks that are undelivered or are not cashed before their expiration date shall revert to the Qualified Settlement Fund.

6.13    No sooner than thirty (30) calendar days following the end of the Settlement Period, any Net Settlement Amount remaining in the Qualified Settlement Fund after

Exhibit A

distributions, including costs, taxes, and interest-earned on the Qualified Settlement Fund, shall be paid to the Plans for the purpose of defraying administrative fees and expenses of the Plans that would otherwise be charged to the Plans or for other lawful purposes consistent with ERISA and the terms of the Plans. In no event shall any part of the Settlement Fund be used to reimburse any Defendants or otherwise offset settlement-related costs incurred by any Defendants. Once payment is complete, notice will be sent to Class Counsel and Defense Counsel.

7. **Article 7 – Attorneys' Fees and Costs**

7.1    Class Counsel intends to seek to recover their attorneys' fees not to exceed $2,733,333.33, and litigation costs and expenses advanced and carried by Class Counsel for the duration of this litigation, not to exceed $600,000, which shall be recovered from the Gross Settlement Amount. Class Counsel also intends to seek Class Representatives' Compensation, in an amount not to exceed $20,000 each, for Class Representatives David B. Binder, George Knebel, Todd A. Messner, Deborah Shobe, Diana Klotz, and William Simmendinger, which shall be recovered from the Gross Settlement Amount.

7.2    Class Counsel will file a motion for an award of Attorneys' Fees and Costs and Class Representatives' Compensation at least thirty (30) calendar days before the deadline set in the Preliminary Order for objections to the proposed Settlement, which may be supplemented thereafter.

8. **Article 8 – Release and Covenant Not to Sue**

8.1    As of the Settlement Effective Date, the Plans (subject to Independent Fiduciary approval as required by Paragraph 3.1) and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), on their own behalf and on behalf of the Plans, shall be deemed to have fully, finally, and forever settled, released, relinquished, waived, and discharged all Released Parties from the Released Claims, whether or not such Class Members have received a monetary benefit from the Settlement, whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

8.2    As of the Settlement Effective Date, the Class Representatives, the Class Members, and the Plans (subject to Independent Fiduciary approval as required by Paragraph 3.1), expressly agree that they, acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance or other department or commission), any cause of action,

23

Exhibit A

demand, or claim on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement in accordance with the procedures set forth in this Settlement Agreement.

**8.3**   Class Counsel, the Class Representatives, Class Members, or the Plans may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with the Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Member and the Plans shall expressly, upon the entry of the Final Order, be deemed to have, and, by operation of the Final Order, shall have fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims. The Class Representatives, Class Members, and the Plans acknowledge and shall be deemed by operation of the Final Order to have acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement, of which this release is a part.

**8.4**   Each Class Representative, each Class Member, and the Plans hereby stipulate and agree with respect to any and all Released Claims that, upon entry of the Final Order, the Class Members shall be conclusively deemed to, and by operation of the Final Order shall, settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Also, the Class Representatives and Class Members shall, upon entry of the Final Order with respect to the Released Claims, waive any and all provisions, rights, and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

**9.   Article 9 – Representations and Warranties**

**9.1**   The Settling Parties represent:

**9.1.1**   That they are voluntarily entering into this Settlement Agreement as a result of arm's length negotiations among their counsel, and that in executing this Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and upon the advice and recommendations of their

Exhibit A

own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof;

**9.1.2**   That they assume the risk of mistake as to facts or law;

**9.1.3**   That they recognize that additional evidence may have come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement;

**9.1.4**   That they have read carefully the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each individual executing this Settlement Agreement on behalf of each of the Settling Parties;

**9.1.5**   That they have made such investigation of the facts pertaining to the Settlement and all matters pertaining thereto as they deem necessary;

**9.1.6**   That Plaintiffs have not assigned or otherwise transferred any interest in any Released Claim against any Defendant or any Released Parties, and that they shall not assign or otherwise transfer any interest in any Released Claims; and

**9.1.7**   That Plaintiffs, on behalf of themselves and the Class, will have no surviving claims or causes of action against any Defendants or Released Parties for any of the Released Claims, from after the Settlement Effective Date.

**9.2**   Each individual executing this Settlement Agreement on behalf of a Settling Party does hereby personally represent and warrant to the other Settling Parties that he/she/they has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal that each such individual represents or purports to represent.

**10.   Article 10 – Termination, Conditions of Settlement, and Effect of Disapproval, Cancellation, or Termination**

**10.1**   The Settlement Agreement shall automatically terminate, and thereby become null and void with no further force or effect if:

**10.1.1**   Under Paragraph 3.1, (a) either the Independent Fiduciary does not approve the Settlement Agreement or disapproves the Settlement Agreement for any reason whatsoever, or Defendants reasonably conclude that the Independent Fiduciary's approval does not include the determinations required by the PTE 2003-39; and (b) the Settling Parties do not mutually agree to modify the terms of this Settlement Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39;

Exhibit A

**10.1.2** The Preliminary Order or the Final Order is not entered by the Court in substantially the form submitted by the Settling Parties or in a form which is otherwise agreed to by the Settling Parties;

**10.1.3** This Settlement Agreement is disapproved by the Court or fails to become effective for any reason whatsoever; or

**10.1.4** The Preliminary Order or Final Order is finally reversed on appeal, or is modified on appeal, and the Settling Parties do not mutually agree to any such modifications.

**10.2** If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, the Class Action and the Released Claims asserted by Class Representatives shall, for all purposes with respect to the Settling Parties, revert to their status as though the Settling Parties never executed the Settlement Agreement. All funds deposited in the Qualified Settlement Fund, and any interest earned thereon, shall be returned to Defendants, their agents, or insurers pro rata based on their contributions to the Qualified Settlement Fund within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void, except as provided for in Paragraph 10.4.

**10.3** It shall not be deemed a failure to approve the Settlement Agreement if the Court denies, in whole or in part, Class Counsel's request for Attorneys' Fees and Costs and/or Class Representatives' Compensation and/or modifies any of the proposed orders relating to Attorneys' Fees and Costs and/or Class Representatives' Compensation.

**10.4** In the event that the Settlement Agreement is terminated, Administrative Expenses incurred prior to the termination shall be paid first from the interest earned, if any, on the Qualified Settlement Fund. Administrative Expenses in excess of the interest earned on the Qualified Settlement Fund shall be split evenly and paid by Class Counsel, on the one hand, and Defendants (or their insurer(s)), on the other hand.

**11.** **Article 11 – Confidentiality of the Settlement Negotiations and Permitted Settlement-Related Communications**

**11.1** Except as set forth explicitly below, the Settling Parties, Class Counsel, and Defense Counsel agree to keep confidential all positions, assertions, and offers made during settlement negotiations relating to the Class Action and the Settlement Agreement, except that they may discuss the negotiations with the Class Members, the Independent Fiduciary, and the Settling Parties' tax, legal, and regulatory advisors.

**11.2** No later than ten (10) calendar days after entry of the Preliminary Order, or by such other deadline as specified by the Court, the Settlement Administrator will establish a Settlement Website on which it will post the following documents or links to the following documents: the Complaint, Settlement Agreement and its Exhibits, Settlement Notice, Former Participants Claim Form, Class Representatives' Motion

Exhibit A

for Attorneys' Fees and Costs and Award of Compensation to Class Representatives, any Court orders related to the Settlement, any amendments or revisions to these documents, and any other documents or information mutually agreed upon by the Settling Parties ("Settlement Website Information"). No other information or documents will be posted on the Settlement Website unless agreed to in advance by the Settling Parties in writing. The Settlement Administrator will take down the Settlement Website ninety (90) calendar days after the receipt of the affidavit(s) referenced in Paragraph 6.9.

**11.3** After the motion for preliminary approval of the Settlement is filed, Defendants may issue communications to the Plans' participants regarding the Settlement and/or Plan of Allocation.

**12.** **Article 12 – General Provisions**

**12.1** The Settling Parties agree to cooperate fully with each other in seeking Court approvals of the Preliminary Order and the Final Order, and to do all things as may reasonably be required to effectuate preliminary and final approval and the implementation of this Settlement Agreement according to its terms. The Settling Parties agree to provide each other with copies of any filings necessary to effectuate this Settlement reasonably in advance of filing.

**12.2** This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder are not, and shall not be construed as, deemed to be, or offered or received as evidence of an admission by or on the part of any Released Party of any wrongdoing, fault, or liability whatsoever by any Released Party, or give rise to any inference of any wrongdoing, fault, or liability or admission of any wrongdoing, fault, or liability in the Class Action or any other proceeding, and Defendants and Released Parties admit no wrongdoing, fault, or liability with respect to any of the allegations or claims in the Class Action. This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder, shall not constitute admissions of any liability of any kind, whether legal or factual. Subject to Federal Rule of Evidence 408, the Settlement and the negotiations related to it are not admissible as substantive evidence, for purposes of impeachment, or for any other purpose. Defendants deny all allegations of wrongdoing. Defendants contend that the Plans were managed, operated, and administered at all relevant times reasonably and prudently, in the best interest of the Plans' participants, and in accordance with ERISA, including the fiduciary duty and prohibited transaction provisions of ERISA.

**12.3** Neither the Settling Parties, Class Counsel, nor Defense Counsel shall have any responsibility for or liability whatsoever with respect to (a) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Gross Settlement Amount or otherwise; (b) the determination of the Independent Fiduciary; (c) the management, investment, or distribution of the Qualified Settlement Fund; (d) the Plan of Allocation as approved by the Court; (e) the determination, administration,

Exhibit A

calculation, or payment of any claims asserted against the Qualified Settlement Fund; (f) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or (g) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund or tax reporting, or the filing of any returns. Further, neither Defendants nor Defense Counsel shall have any responsibility for, or liability whatsoever with respect to, any act, omission, or determination of Class Counsel in connection with the administration of the Gross Settlement Amount or otherwise.

12.4    Only Class Counsel shall have standing to seek enforcement of this Settlement Agreement on behalf of Plaintiffs and Class Members. Any individual concerned about Defendants' compliance with this Settlement Agreement may so notify Class Counsel and direct any requests for enforcement to them. Class Counsel shall have the full and sole discretion to take whatever action they deem appropriate, or to refrain from taking any action, in response to such request. Any action by Class Counsel to monitor or enforce the Settlement Agreement shall be done without additional fee or reimbursement of expenses beyond the Attorneys' Fees and Costs determined by the Court.

12.5    This Settlement Agreement shall be interpreted, construed, and enforced in accordance with applicable federal law and, to the extent that federal law does not govern, Pennsylvania law.

12.6    The Settling Parties shall refrain from making derogatory or disparaging public comments or remarks regarding the Settlement, the Class Representatives, the Class Members, Defendants, and/or the Released Parties in connection with the Settlement.

12.7    The Settling Parties agree that any and all disputes concerning compliance with the Settlement Agreement, with the exception of any and all disputes concerning compliance with Article 8, shall be exclusively resolved as follows:

12.7.1    If a Settling Party has reason to believe that a legitimate dispute exists concerning the Settlement Agreement, other than any and all disputes concerning compliance with Article 8, the party raising the dispute shall first promptly give written notice under the Settlement Agreement to the other party, including in such notice: (a) a reference to all specific provisions of the Settlement Agreement that are involved; (b) a statement of the alleged non-compliance; (c) a statement of the remedial action sought; and (d) a brief statement of the specific facts, circumstances, and any other arguments supporting the position of the party raising the dispute;

12.7.2    Within twenty-one (21) calendar days after receiving the notice described in Paragraph 12.7.1, the receiving party shall respond in writing with its position and the facts and arguments it relies on in support of its position;

12.7.3 For a period of not more than twenty-one (21) calendar days following mailing of the response described in Paragraph 12.7.2, the Settling Parties shall undertake good-faith negotiations, which may include meeting in person or conferring by telephone, to attempt to resolve the dispute;

12.7.4 If the dispute is not resolved during the period described in Paragraph 12.7.3, the Settling Parties shall conduct a mediation of the dispute with the Mediator on the earliest reasonably practicable date; provided, however, that the scope of such mediation shall be expressly limited to the dispute;

12.7.5 The Settling Parties intend to resolve any disputes quickly, expeditiously, and inexpensively. Accordingly, there shall be no discovery allowed in connection with mediation under Paragraph 12.7.4, and no witnesses shall be presented or examined during the mediation. The Mediator will make his recommendation based solely on the papers, documents, testimony, and arguments of counsel presented to him.

12.7.6 In any mediation under Paragraph 12.7.4, each Settling Party shall bear its own fees and costs.

12.7.7 If the dispute is not resolved through mediation, either Settling Party may request that the Court resolve the dispute.

12.8 The Settling Parties agree that the Court has personal jurisdiction over the Class and Defendants and shall maintain personal and subject-matter jurisdiction for purposes of resolving any disputes between the Settling Parties concerning compliance with this Settlement Agreement that are not resolved under Paragraph 12.7. Any motion or action to enforce this Settlement Agreement—including by way of injunction—may be filed in the United States District Court for the Eastern District of Pennsylvania or asserted by way of an affirmative defense or counterclaim in response to any action asserting a violation of the Settlement Agreement.

12.9 The Settlement Agreement may be executed by exchange of executed signature pages, and any signature transmitted by facsimile or e-mail attachment of scanned signature pages for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement. The Settlement Agreement may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed an original, and all such counterparts shall together constitute the same instrument.

12.10 Each party to this Settlement Agreement hereby acknowledges that he, she, they, or it has consulted with and obtained the advice of counsel prior to executing this Settlement Agreement and that this Settlement Agreement has been explained to that party by his, her, their, or its counsel.

12.11 Any headings included in this Settlement Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in this Settlement

Agreement or the Articles or Paragraphs they caption. References to a person are also to the person's permitted successors and assigns, except as otherwise provided herein. Whenever the words "include," "includes" or "including" are used in this Settlement Agreement, they shall not be limiting but shall be deemed to be followed by the words "without limitation."

12.12   Before entry of the Preliminary Approval Order and approval of the Independent Fiduciary, this Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Settling Parties. Following approval by the Independent Fiduciary, this Settlement Agreement may be modified or amended only if such modification or amendment is set forth in a written agreement signed by or on behalf of all Settling Parties and only if the Independent Fiduciary approves such modification or amendment in writing. Following entry of the Preliminary Approval Order, this Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Settling Parties, and only if the modification or amendment is approved by the Independent Fiduciary in writing and approved by the Court.

12.13   This Settlement Agreement and the exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any party concerning the Settlement other than those contained in this Settlement Agreement and the exhibits thereto.

12.14   The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving party and specifically waiving such provisions. The waiver of any breach of this Settlement Agreement by any party shall not be deemed to be or construed as a waiver of any other breach or waiver by any other party, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

12.15   Each of the Settling Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that it will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter of this Settlement Agreement.

12.16   All of the covenants, representations, and warranties, express or implied, oral or written, concerning the subject matter of this Settlement Agreement are contained in this Settlement Agreement. No party is relying on any oral representations or oral agreements. All such covenants, representations, and warranties set forth in this Settlement Agreement shall be deemed continuing and shall survive the Effective Date of Settlement.

12.17   All of the exhibits attached hereto are incorporated by reference as though fully set forth herein. The exhibits shall be: Exhibit 1 – Former Participant Claim Form; Exhibit 2 – Preliminary Order; Exhibit 3 – Notice of Class Action Settlement and Final Fairness Hearing to Current Participants; Exhibit 4 – Notice of Class Action

Settlement and Final Fairness Hearing to Former Participants; Exhibit 5 – Final Order; and Exhibit 6 – Form of CAFA Notice.

**12.18**   No provision of the Settlement Agreement or of the exhibits attached hereto shall be construed against or interpreted to the disadvantage of any party to the Settlement Agreement because that party is deemed to have prepared, structured, drafted, or requested the provision.

**12.19**   Any notice, demand, or other communication under this Settlement Agreement (other than the Settlement Notice, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier;

Exhibit A

IF TO THE CLASS REPRESENTATIVES:

> Troy A. Doles (tdoles@uselaws.com)
> Kurt C. Struckhoff (kstruckhoff@uselaws.com)
> Nathan Stump (nstump@uselaws.com)
> SCHLICHTER BOGARD LLP
> 100 S. Fourth Street, Suite 1200
> St. Louis, Missouri 63102
> Tel: (314) 621-6115

IF TO DEFENDANTS:

> Catalina J. Vergara (cvergara@omm.com)
> Kevin A. Kraft (kkraft@omm.com)
> O'MELVENY & MYERS LLP
> 400 South Hope Street, 19th Floor
> Los Angeles, CA 90071
> Tel: (213) 430-6000

> Deanna M. Rice (derice@omm.com)
> William D. Pollak (wpollak@omm.com)
> Scott Harman-Heath (sharman-heath@omm.com)
> O'MELVENY & MYERS LLP
> 1625 Eye Street, N.W.
> Washington, DC 20006
> Tel: (202) 383-5300

Exhibit A

ON BEHALF OF PLAINTIFFS, Individually and as Representatives of the Class:

Dated:  March 7          , 2025

SCHLICHTER BOGARD LLP

_____

Jerome J. Schlichter
Troy Doles
Kurt C. Struckhoff
Nathan Stump
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Tel: (314) 621-6115

*Counsel for Plaintiffs and Class Representatives*

Exhibit A

ON BEHALF OF DEFENDANTS:

Dated: March 7, 2025

O'MELVENY & MYERS LLP


*Catalina Vergara*     (signed w/ permission
                        Kevin Kraft)

Catalina J. Vergara
Kevin A. Kraft
O'MELVENY & MYERS LLP
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Tel: (213) 430-6000

Deanna M. Rice
William D. Pollak
Scott Harman-Heath
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
Tel: (202) 383-5300

Peter H. Levan
LeVAN LAW LLC
1300 E. 9th Street, Suite 1210
Cleveland, OH 44114
Tel: (216) 202-6400

*Counsel for Defendants PPL Corporation,*
*PPL Services Corporation, Board of*
*Directors of PPL Corporation, Board of*
*Directors of PPL Services Corporation,*
*Employee Benefit Plan Board of PPL*
*Corporation, and LG&E and KU Energy LLC*

Exhibit A

**PPL Employee Savings Plan, PPL Deferred Savings Plan, PPL Employee Stock Ownership Plan, and the LG&E and KU Savings Plan Settlement Administrator**

## FORMER PARTICIPANT CLAIM FORM

ABC1234567890

Claim Number: 1111111

**\*ABC1234567890\***

JOHN Q CLASS MEMBER
123 MAIN ST
APT 1
ANYTOWN, ST 12345

This Former Participant Claim Form is **ONLY** for Class Members who are **Former Participants**, or the beneficiaries, alternate payees, or attorneys-in-fact of Former Participants (all of whom will be treated as Former Participants). A Former Participant is a Class Member who did not have an account in the Plans (as defined below) with a balance greater than $0 as of December 31, 2024.

This form must be completed, signed, and mailed to the Settlement Administrator with a postmark date on or before **[INSERT DATE]**, or electronically filed online at **www.PPL401ksettlement.com** no later than **[INSERT DATE]**, for you to receive your share of the Settlement proceeds. **Former Participants who do not complete and timely return this form will not receive any Settlement payment**. Please review the instructions below carefully. If you have questions regarding this Claim Form, you may contact the Settlement Administrator as indicated below.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PART 1: INSTRUCTIONS FOR COMPLETING FORMER PARTICIPANT CLAIM FORM

1. Complete this claim form and keep a copy of all pages of your Former Participant Claim Form, including page 1 with the address label, for your records.

2. Mail your completed Former Participant Claim Form, postmarked no later than **[INSERT DATE],** to the Settlement Administrator at the following address:

**PPL Employee Savings Plan, PPL Deferred Savings Plan, PPL Employee Stock Ownership Plan, and the LG&E and KU Savings Plan Settlement Administrator**
**Binder v. PPL Corporation**
**c/o Analytics Consulting LLC**
**P.O. Box [INSERT]**
**Chanhassen, MN 55317-2010**

Claim Forms may also be completed and submitted to the Settlement Administrator electronically online at **www.PPL401ksettlement.com**. Electronic Claim Forms must be submitted no later than **[INSERT DATE].**

It is your responsibility to ensure the Settlement Administrator has timely received your Former Participant Claim Form.

3. Other Reminders:

   • You must provide date of birth, signature, and a completed Substitute IRS Form W-9, which is attached as Part 5 to this form.

   • If you desire to do a rollover but do not complete in full the rollover information in Part 4 of the Settlement Distribution Form, payment will be made to you directly.

   • If you change your address after sending in your Former Participant Claim Form, please send your new address to the Settlement Administrator.

   • **Timing of Payments to Eligible Class Members**. Please note that Settlement payments are subject to the Settlement Agreement's receiving final Court approval. If the Settlement Agreement is approved, and if you are entitled to a Settlement payment under the terms of the Settlement, such payments will be distributed no earlier than **[INSERT DATE]** due to the need to process and verify information for all Class Members who are entitled to a payment and to compute the amount of each payment. Payments may be further delayed if any appeals are filed.

4. **Questions?** If you have any questions about this Former Participant Claim Form, please call the Settlement Administrator at **[INSERT PHONE NUMBER]**.

5. The Settlement Administrator will provide advice only regarding completing this form and will not provide financial, tax, or other advice concerning the Settlement. You therefore may want to consult with your financial or tax advisor. Information about the status of the approval of the Settlement, Settlement administration, and claim processing is available on the lawsuit website, **www.PPL401ksettlement.com**.

Exhibit 1

You are eligible to receive payment from a class action settlement. The Court has preliminarily approved the class settlement of *Binder, et al. v. PPL Corporation, et al.*, No. 5:22-cv-00133 (E.D. Pa.). That settlement provides allocation of monies to the individual accounts of Class Members who had plan accounts with a positive balance in the PPL Employee Savings Plan, PPL Deferred Savings Plan, PPL Employee Stock Ownership Plan, or the LG&E and KU Savings Plan (the "Plans") as of December 31, 2024 ("Current Participants"). Class Members who are entitled to a distribution but who did not have a plan account with a positive balance in the Plans as of December 31, 2024, ("Former Participants") will receive their allocation in the form of a check or rollover if and only if they mail a valid Former Participant Claim Form to the Settlement Administrator at the address atop this form postmarked no later than **[INSERT DATE]** or electronically file online at **www.PPL401ksettlement.com** no later than **[INSERT DATE]**. For more information about the Settlement, please see **www.PPL401ksettlement.com**, or call **[INSERT PHONE NUMBER]**.

Because you are a Former Participant (or beneficiary of a Former Participant) in the Successor Plan, you must decide whether you want your payment (1) sent payable to you directly or (2) to be rolled over into another eligible retirement plan or into an individual retirement account ("IRA"). To make that choice, please complete and mail this Former Participant Claim Form to the Settlement Administrator at the address atop this form postmarked no later than **[INSERT DATE]**. Claim Forms may also be completed and submitted to the Settlement Administrator electronically online at **www.PPL401ksettlement.com**. Electronic Claim Forms must be submitted no later than **[INSERT DATE]**. If you do not indicate a payment election, your payment will be sent payable to you directly.

## PART 2: PARTICIPANT INFORMATION

First Name          Middle    Last Name

Mailing Address

City          State    Zip Code

Home Phone          Work Phone or Cell Phone

Participant's Social Security Number          Participant's Date of Birth

M M    D D    Y Y Y Y

Email Address

☐ Check here if you were a Former Participant but did not receive this Claim Form in the mail. This may be because you were a participant in the Plan only for a brief period.

## PART 3: BENEFICIARY OR ALTERNATE PAYEE INFORMATION (IF APPLICABLE)

☐ Check here if you are the **surviving spouse or other beneficiary** for the Former Participant and the Former Participant is deceased. **Documentation must be provided showing the current authority of the representative to file on behalf of the deceased**. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

☐ Check here if you are an **alternate payee under a qualified domestic relations order (QDRO), or attorney-in-fact** for the Former Participant. The Settlement Administrator may contact you with further instructions. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

Your First Name          Middle    Last Name

Your Social Security Number or Tax ID Number          Your Date of Birth

M M    D D    Y Y Y Y

Exhibit 1

Your Mailing Address

City

State

Zip Code

Exhibit 1

## PART 4: PAYMENT ELECTION

☐ **Payment to Self** – A check subject to mandatory federal and applicable state withholding tax will be mailed to your address on the previous page.

☐ **Direct Rollover to an Eligible Plan** – Check only one box below and complete Rollover Information Section Below:

☐ Government 457(b)　　　　☐ 401(a)/401(k)　　　　☐ 403(b)

☐ Direct Rollover to a Traditional IRA　　☐ Direct Rollover to a Roth IRA (subject to ordinary income tax)

**Rollover Information:**

Company or Trustee's Name (to whom the check should be made payable)

Company or Trustee's Mailing Address 1

Company or Trustee's Mailing Address 2

Company or Trustee's City　　　　　　　　　　　　　　　　State　　Zip Code

Account Number　　　　　　　　　　　　　　Company or Trustee's Phone Number

## PART 5: SIGNATURE, CONSENT, AND SUBSTITUTE IRS FORM W-9

UNDER PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORMER PARTICIPANT CLAIM FORM IS TRUE, CORRECT, AND COMPLETE AND THAT I SIGNED THIS FORMER PARTICIPANT CLAIM FORM.

1. The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. Person (including a U.S. resident alien).

M M　　D D　　Y Y Y Y

_____

**Participant Signature**　　　　　　　　　　　　　**Date Signed** (*Required*)

Note: if you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above. The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.

### QUESTIONS?

**VISIT: www.PPL401ksettlement.com OR CALL [PHONE NUMBER]**

Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID B. BINDER, *et al*., | |
| *Plaintiffs*, | |
| v. | No. 5:22-cv-133-MRP |
| PPL CORPORATION, *et al*., | |
| *Defendants*. | |

**[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This litigation arises out of a class action alleging breaches of fiduciary duties against Defendants PPL Corporation, PPL Services Corporation, the Board of Directors of PPL Corporation, the Board of Directors of PPL Services Corporation, the Employee Benefit Plan Board of PPL Corporation, and LG&E and KU Energy, LLC (collectively "Defendants") under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1001, *et seq*., with respect to their management, operation, and administration of the PPL Employee Savings Plan, the PPL Deferred Savings Plan, the PPL Employee Stock Ownership Plan, and the LG&E and KU Savings Plan (collectively referred to as the "Plans").[1] Defendants deny and continue to deny the allegations, claims, and contentions of the Class Representatives, deny that they are liable at all to the Class, and deny that the Class or the Plans have suffered any harm or damage.

In the Unopposed Motion for Preliminary Approval of Class Action Settlement, the Settling Parties seek preliminary approval of a settlement of the claims asserted. The terms of the Settlement are set out in a Class Action Settlement Agreement dated February 28, 2025, executed

---

[1] For purposes of this Order, if not defined herein, capitalized terms have the definitions in the Settlement Agreement, which is incorporated herein by reference.

Exhibit 2

by the Settling Parties and their counsel.

The Court has considered the proposed Settlement. Having reviewed the Settlement Agreement and the accompanying and supporting papers, it is **ORDERED** as follows.

1.      **Preliminary Findings Regarding Proposed Settlement**: The Court preliminarily finds that:

A.      The proposed Settlement resulted from extensive arm's-length negotiations;

B.      The Settlement Agreement was executed only after the parties engaged in substantial litigation and after extensive arms-length settlement negotiations had continued within that period;

C.      Class Counsel has concluded that the Settlement is fair, reasonable, and adequate;

D.      The Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Class; and

2.      **Final Fairness Hearing**: A hearing is scheduled at the James A. Byrne United States Courthouse, the Honorable District Court Judge Mia Roberts Perez presiding, at ____ a.m./p.m. on _____, 2025, **[not before 120 days after the entry of a preliminary approval order]** (the "Final Fairness Hearing") to determine, among other issues:

A.      Whether the Settlement Agreement should be approved as fair, reasonable, and adequate;

B.      Whether the Settlement Notice and notice methodology were performed as directed by this Court;

C.      Whether the motion for Attorneys' Fees and Costs to be filed by Class Counsel should be approved;

Exhibit 2

D.      Whether an amount of compensation to Class Representatives should be approved; and

E.      Whether the Administrative Expenses specified in the Settlement Agreement and requested by the Settling Parties should be approved for payment from the Gross Settlement Amount.

3.      **Establishment of Qualified Settlement Fund**: A common fund is agreed to by the Settling Parties in the Settlement Agreement and is hereby established and shall be known as the *Binder, et al. v. PPL Corporation, et al.* Litigation Settlement Fund (the "Settlement Fund" or "Gross Settlement Amount"). The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall consist of $8,200,000 and any interest earned thereon. The Settlement Fund shall be administered as follows:

A.      The Settlement Fund is established exclusively for the purposes of: (i) making distributions to Class Representatives and the Class specified in the Settlement Agreement; (ii) making payments for all settlement administration costs and costs of notice, including payments of all Administrative Expenses specified in the Settlement Agreement; (iii) making payments of all Attorneys' Fees and Costs to Class Counsel and Class Representatives' Compensation as awarded by the Court; and (iv) paying employment, withholding, income, and other applicable taxes, all in accordance with the terms of the Settlement Agreement and this Order. Other than the payment of Administrative Expenses or as otherwise expressly provided in the Settlement Agreement, no distribution shall be made from the Settlement Fund until after the Settlement Effective Date.

Exhibit 2

B.      Within the time period set forth in the Settlement Agreement, Defendants or their insurer(s) shall cause an initial amount of $100,000 to be deposited into the Settlement Fund as specified in the Settlement Agreement.

C.      The Court appoints Analytics Consulting LLC as the Settling Parties' agreed-upon vendor to serve as the Settlement Administrator for providing Settlement Notices, implementing the Plan of Allocation, and otherwise assisting in administration of the Settlement as set forth in the Settlement Agreement.

D.      Defendants or their insurers shall timely furnish a statement to the Settlement Administrator that complies with Treasury Regulation § 1.468B-3(e)(2), which may be a combined statement under Treasury Regulation § 1.468B-3(e)(2)(ii), and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which Defendants or their insurers make a transfer to the Settlement Fund.

E.      Defendants shall have no withholding, reporting, or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified herein. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) their obligation to cause the Gross Settlement Amount to be paid; and (2) their agreement to cooperate in providing information that is necessary for settlement administration as set forth in the Settlement Agreement.

F.      The oversight of the Settlement Fund is the responsibility of the Settlement Administrator. The status and powers of the Settlement Administrator are as defined by this Order and as approved in the Settlement Agreement.

Exhibit 2

G. The Gross Settlement Amount caused to be paid by the Defendants and/or their insurer(s) into the Settlement Fund in accordance with the Settlement Agreement, and all income generated by that amount, shall be *in custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer, or similar process by any person. Once the Settlement Fund vests, it is irrevocable during its term and Defendants have divested themselves of all right, title, or interest, whether legal or equitable, in the Settlement Fund, if any; provided, however, in the event the Settlement Agreement is not approved by the Court or the Settlement set forth in the Settlement Agreement is terminated or fails to become effective in accordance with its terms (or, if following approval by this Court, such approval is reversed or modified), the parties shall be restored to their respective positions in this case as of the day prior to the Settlement Agreement Execution Date; the terms and provisions of the Settlement Agreement and this Order shall be void and have no force and effect and shall not be used in this case or in any proceeding for any purpose; and the Settlement Fund and income earned thereon shall immediately be returned to the entity(ies) that funded the Settlement Fund.

H. The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court.

I. The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with Article 6 of the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges, and excises of any kind, including income taxes, and any interest, penalties, or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund.

Exhibit 2

J.      The Settlement Fund shall be used to make payments to Class Members under the Plan of Allocation set forth in the Settlement Agreement. Individual payments to Class Members will be subject to tax withholding as required by law and as described in the Class Notice and its attachments. In addition, all Class Representatives' Compensation, Administrative Expenses, and all Attorneys' Fees and Costs of Class Counsel shall be paid from the Settlement Fund.

K.      The Court and the Settlement Administrator recognize that there will be tax payments, withholding, and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund, and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes.

L.      The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund, and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions.

M.      The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the

6

Exhibit 2

payment of all distributions. Such powers include receiving and processing information from Former Participants pertaining to their claims and investing, allocating, and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order.

N.    The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements, and other transactions of the Settlement Fund. All accounts, books, and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person, the nature and status of any payment from the Settlement Fund, and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders that the Court may find it necessary to issue.

O.    The Settlement Administrator may establish protective conditions concerning the disclosure of information maintained by the Settlement Administrator if publication of such information would violate any law, including rights to privacy. Any person entitled to such information who is denied access to the Settlement Fund's records may submit a request to the Court for such information. However, the Settlement Administrator shall supply such information to any claimant as may be reasonably necessary to allow him or her to accurately determine his or her federal, state, and local tax liabilities. Such information shall be supplied in the form and manner prescribed by relevant law.

P.    This Order will bind any successor Settlement Administrator. The successor Settlement Administrator(s) shall have, without further act on the part of anyone, all the duties,

Exhibit 2

powers, functions, immunities, and discretion granted to the original Settlement Administrator. Any Settlement Administrator(s) who is replaced (by reason other than death) shall execute all instruments, and do all acts, that may be necessary or that may be ordered or requested in writing by the Court or by any successor Settlement Administrator(s), to transfer administrative powers over the Settlement Fund to the successor Settlement Administrator(s). The appointment of a successor Settlement Administrator(s), if any, shall not under any circumstances require any of the Defendants to make any further payment of any nature into the Settlement Fund or otherwise.

4.    **Class Notice**: The Settling Parties have presented to the Court proposed forms of Settlement Notice, which are appended to the Settlement Agreement as Exhibit 3 and Exhibit 4.

A.    The Court finds that the proposed forms and the website referenced in the Settlement Notice fairly and adequately:

     i.    Describe the terms and effect of the Settlement Agreement and of the Settlement;

     ii.    Notify the Class concerning the proposed Plan of Allocation;

     iii.    Notify the Class that Class Counsel will seek compensation from the Settlement Fund for the Class Representatives, Attorneys' Fees, and Costs;

     iv.    Notify the Class that Administrative Expenses related to the implementation of the Settlement will be paid from the Settlement Fund;

     v.    Give notice to the Class of the time and place of the Final Fairness Hearing; and

     vi.    Describe how the recipients of the Class Notice may object to any of the relief requested and the rights of the Settling Parties to discovery concerning such objections.

Exhibit 2

B.     The Settling Parties have proposed the following manner of communicating the notice to Class Members: the Settlement Administrator shall, by no later than sixty (60) days before the Final Fairness Hearing, cause the Settlement Notices, with such non-substantive modifications thereto as may be agreed upon by the Settling Parties, to be sent by electronic means or by first-class mail, postage prepaid, to the last known address of each member of the Class. The Court finds that such proposed manner is the best notice practicable under the circumstances and directs that the Settlement Administrator provide notice to the Class in the manner described. Defendants shall cooperate with the Settlement Administrator by providing or facilitating the provision of, in electronic format, the names, addresses, social security numbers or other unique identifiers, and quarter-ending account balances invested in the Northern Trust Focus Funds, for each Class Member during the Class Period, as well as data reflecting the allocation of new contributions among the Plans' investment options for each Current Participant. The names, addresses, and social security numbers or other unique identifiers obtained pursuant to this Order shall be used solely for the purpose of providing notice of this Settlement and as required for purposes of tax withholding and reporting, and for no other purpose.

C.     For any Settlement Notice returned as undeliverable, the Settlement Administrator shall utilize the provided social security number or other unique identifier to attempt to determine the current address of the person and shall mail notice to that address.

D.     At or before the Final Fairness Hearing, Class Counsel or the Settlement Administrator shall file with the Court proof of timely compliance with the foregoing requirements.

E.     The Court directs Class Counsel, no later than sixty (60) days before the Final Fairness Hearing, to cause the Settlement Notice to be published on the Settlement Website.

Exhibit 2

5.      **Objections to Settlement**: Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of Attorneys' Fees and Costs, or to any request for Class Representatives' Compensation, must file an objection in the manner set out in this Order.

A.      A Class Member wishing to raise an objection to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of Attorneys' Fees and Costs, or to any request for Class Representatives' Compensation must do the following: (i) file with the Court a statement of his, her, their, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection; and (ii) serve copies of the objection and all supporting authorities or evidence to Class Counsel and Defense Counsel. The addresses for filing objections with the Court and for service of such objections on counsel for the parties to this matter are as follows:

> Clerk of the Court
> James A. Byrne United States Courthouse
> Eastern District of Pennsylvania
> 601 Market Street, Courtroom #6-A
> Philadelphia, PA
>
> SCHLICHTER BOGARD LLC
> Attn: PPL Corporation 401(k) Plan Settlement
> 100 South Fourth Street, Suite 1200
> St. Louis, MO 63102
>
> *Counsel for Plaintiffs*
>
> O'MELVENY & MYERS LLP
> Attn: Catalina Vergara
> Kevin A. Kraft
> 400 South Hope Street, 19th Floor
> Los Angeles, CA 90071
>
> O'MELVNEY & MYERS LLP
> Attn: Deanna M. Rice

Exhibit 2

William D. Pollak
Scott Harman-Heath
1625 Eye St., N.W.
Washington, DC 20006

*Counsel for Defendants*

B.      The objector or his, her, their, or its counsel (if any) must serve copies of the objection(s) on the attorneys listed above and file it with the Court by no later than thirty (30) calendar days before the date of the Final Fairness Hearing.

C.      If an objector hires an attorney to represent him, her, their, or it for the purposes of making such objection pursuant to this paragraph, the attorney must serve a notice of appearance on the attorneys listed above and file it with the Court by no later than thirty (30) calendar days before the date of the Final Fairness Hearing.

D.      Failure to serve objections(s) on either the Court or counsel for the parties shall constitute a waiver of the objection(s). Any Class Member or other person who does not timely file and serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

E.      Any party wishing to obtain discovery from any objector may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two (2) hours in length, on any objector within ten (10) calendar days of receipt of the objection and that any responses to discovery or depositions must be completed within ten (10) calendar days of the request being served on the objector.

F.      Any party wishing to file a response to an objection must do so, and serve the response on all parties, before the Final Fairness Hearing.

6.      **Appearance at Final Fairness Hearing**: Any objector who files and serves a

Exhibit 2

timely, written objection in accordance with the terms of this Order as set out in Paragraph 5 above may also appear at the Final Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to speak at the Final Fairness Hearing must serve a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defense Counsel (at the addresses set out above) and file it with the Court by no later than thirty (30) calendar days before the date of the Final Fairness Hearing. Any objector (or objector's attorney) who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to speak at the Final Fairness Hearing.

7.      **Claim Form Deadline**: All valid Former Participant Claim Forms must be received by the Settlement Administrator with a postmark date no later than _____ **[no later than 10 days prior to the Final Fairness Hearing]**, or electronically submitted online at the website maintained by the Settlement Administrator no later than _____ **[no later than 10 days prior to the Final Fairness Hearing]**.

8.      **Service of Papers**: Defense Counsel and Class Counsel shall promptly furnish each other with copies of all objections that come into their possession.

9.      **Termination of Settlement**: If the Settlement is terminated in accordance with the Settlement Agreement, this Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing the day before the Settlement Agreement Execution Date.

10.     **Use of Order**: This Order shall not be construed or used as an admission, concession, or declaration by or against the Defendants of any fault, wrongdoing, breach, or

Exhibit 2

liability, or a waiver of any claims or defenses, including but not limited to those as to the propriety of any amended pleadings or the propriety and scope of class certification. This Order shall not be construed or used as an admission, concession, or declaration by or against any named Plaintiff, Class Representatives, or the Class that their claims lack merit, or that the relief requested by Plaintiffs is inappropriate, improper, or unavailable. This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims he, she, they, or it may have.

11.     **Parallel Proceedings**: Pending final determination of whether the Settlement Agreement should be approved, the Class Representatives, every Class Member, and the Plans are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Parties.

12.     **Class Action Fairness Act Notice**:  The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit 6 to the Settlement Agreement complies with the requirements of CAFA and will, upon mailing, discharge Defendants' obligations pursuant to CAFA.

13.     **Continuance of Hearing**: The Court may continue the Final Fairness Hearing in its discretion without direct notice to the Class, other than by notice to Class Counsel and Defense Counsel, and any Class Member wishing to appear should check the Court's docket or call the Clerk's office three (3) calendar days before the scheduled date of the Final Fairness Hearing.

14.     Example deadlines are provided below for the Court's convenience, assuming that the Court enters the Preliminary Approval Order on February 28, 2025.

Exhibit 2

| Deadline Description | Timing | Day(s) | Example Dates |
|---|---|---|---|
| Preliminary Approval Order Entered | | Day 1 | February 28, 2025 |
| All necessary data delivered to the Settlement Administrator | "…at least fourteen (14) calendar days before the deadline for issuance of the Settlement Notice…" *See* Settlement Agreement ("SA") at § 3.3. | Day 46 | April 14, 2025 |
| Settlement Notices Sent | "…at least sixty (60) calendar days prior to the date of the Final Fairness Hearing…" *See* SA at § 3.4. | Day 60 | April 28, 2025 |
| Objection Deadline | "…at least thirty (30) calendar days prior to the scheduled Final Fairness Hearing." *See* SA at § 3.2.6. | Day 90 | May 28, 2025 |
| Claim Form Deadline | "…no later than ten (10) calendar days prior to the Final Fairness Hearing..." *See* SA at § 3.2.9. | Day 110 | June 17, 2025 |
| Final Fairness Hearing | "Set the Final Fairness Hearing for no sooner than one hundred twenty (120) calendar days after the date the Motion for Entry of the Preliminary Order is filed…" *See* SA at § 3.2.5. | Day 120 | June 27, 2025 |

Exhibit 2

**IT IS SO ORDERED.**

DATED: _____, 2025

_____
HON. MIA ROBERTS PEREZ
UNITED STATES DISTRICT JUDGE

Exhibit 2

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

DAVID B. BINDER, *et al.*,

        Plaintiffs,

    v.

PPL CORPORATION, *et al.*,

        Defendants.

Civil Action No.: 5:22-cv-00133-MRP

CLASS ACTION

Judge Mia Roberts Perez

### NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

#### Your rights might be affected if you are a member of the following class:

All participants in the PPL Employee Savings Plan, PPL Deferred Savings Plan, PPL Employee Stock Ownership Plan, and LG&E and KU Savings Plan from January 12, 2016 through June 30, 2020, who invested in a Northern Trust Focus Fund target date fund through an individual Plan account, and their beneficiaries, excluding Defendants.

**IF YOU HAVE ANY OBJECTION TO THE SETTLEMENT DESCRIBED IN THIS NOTICE, YOU HAVE UNTIL [INSERT DATE] TO FILE YOUR WRITTEN OBJECTION WITH THE COURT.**

#### PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.

The Court has given its preliminary approval to a proposed settlement (the "Settlement") of a class action lawsuit brought by certain participants in the PPL Employee Savings Plan, PPL Deferred Savings Plan, PPL Employee Stock Ownership Plan, and the LG&E and KU Savings Plan (the "Plans") alleging violations of the Employee Retirement Income Security Act ("ERISA"). The Settlement will provide for the allocation of monies directly into the individual accounts of Class Members who had an account during the Class Period with a balance greater than $0 as of December 31, 2024, in the Plans ("Current Participants"). Class Members who are entitled to a distribution but who no longer had a Plan account with a balance greater than $0 as of December 31, 2024, ("Former Participants") will receive their allocation in the form of a check mailed to their last known address or a rollover, if elected.

The terms and conditions of the Settlement are set forth in the Settlement Agreement dated February 28, 2025. Capitalized terms used in this Settlement Notice but not defined in this Settlement Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at **www.PPL401ksettlement.com**. Any amendments to the Settlement Agreement or any other settlement documents will be posted on this website. You should visit that website if you would like more information about the Settlement and any subsequent amendments to the Settlement Agreement or other changes, including

1

Exhibit 3

changes to the Plan of Allocation, the date, time, or location of the Fairness Hearing, or other Court orders concerning the Settlement.

Your rights and options — and the deadlines to exercise them — are explained in this Settlement Notice. Only if the Court gives final approval to the Settlement, and only if that approval is upheld in the event of an appeal, will payments under the Settlement be made.

A hearing on the final approval of the Settlement and for approval of the Class Representatives' petition for Attorneys' Fees and Costs and for Class Representatives' Compensation will take place on **[INSERT DATE],** at **[INSERT TIME]**, before United States District Court Judge Mia Roberts Perez in the 6614 U.S. Courthouse, Eastern District of Pennsylvania, 601 Market Street, Courtroom 6-A, Philadelphia, PA 19106.

Any objections to the Settlement, to the petition for Attorneys' Fees and Costs, or to Class Representatives' Compensation must be served in writing on Class Counsel and Defendants' Counsel, as identified on page 7 of this Settlement Notice.

Further information regarding the litigation, the Settlement, and this Settlement Notice, including any changes to the terms of the Settlement and all orders of the Court regarding the Settlement, may be obtained at **www.PPL401ksettlement.com**.

> **According to the Plans' records, you are a Current Participant. If you believe instead that you meet the definition of a Former Participant, please contact the Settlement Administrator. Current Participants include both participants who are current employees and participants who are no longer employed by PPL Corporation or its affiliates but continue to have an account balance in the Plans.**

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **OUR RECORDS INDICATE THAT YOU ARE A CURRENT PARTICIPANT. YOU DO NOT NEED TO DO ANYTHING TO PARTICIPATE IN THE SETTLEMENT.** | Our records indicate that you are a Current Participant because you had an account balance in the Plans as of December 31, 2024. If, however, you are a Former Participant who participated in the Plan during the Class Period and did not have a balance greater than $0 in the Plans as of December 31, 2024, or are the beneficiary, alternate payee, or attorney-in-fact of such a person, then, unlike a Current Participant, you must return a Former Participant Claim Form that is postmarked or electronically filed by **[INSERT DATE]** to receive a check for your share of the Net Settlement Amount. If you are a Former Participant, and you do not return the Former Participant Claim Form that is postmarked or electronically filed by **[INSERT DATE]**, you will forfeit your share of the Net Settlement Amount. We have not included a claim form in your notice because Current Participants do not need to submit a claim form. However, if you believe you are a Former Participant, a claim form may be obtained by accessing **www.PPL401ksettlement.com**. |
| **YOU CAN OBJECT (NO LATER THAN [INSERT DATE]).** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you object to the Settlement. The Court has authorized the parties to seek information through discovery from any person who files an objection, which means you could be required to produce documents and appear at a deposition to be interviewed and asked questions. |
| **YOU CAN ATTEND A HEARING ON [INSERT DATE].** | If you submit a written objection to the Settlement to the Court and counsel before the deadline, you may attend the hearing about the Settlement and present your objections to the Court. You may attend the hearing even if you do not file a written objection, but you will not be permitted to address the Court at the hearing if you do not notify the Court and counsel by **[INSERT DATE],** of your intention to appear at the hearing. |

Exhibit 3

**The Class Action**

The case is called *Binder, et. al. v. PPL Corporation, et. al.*, No. 5:22-cv-00133 (E.D. Pa.). (the "Class Action"). The Court supervising the case is the United States District Court for the Eastern District of Pennsylvania. The individuals who brought this suit are called Class Representatives, and the entities they sued are called Defendants. The Class Representatives were participants in the Plans. Defendants are Defendants PPL Corporation, PPL Services Corporation, Board of Directors of PPL Corporation, Board of Directors of PPL Services Corporation, Employee Benefit Plan Board of PPL Corporation (the "EBPB"), and LG&E and KU Energy. The Class Representatives' claims are described below, and additional information about them is available at **www.PPL401ksettlement.com**.

**The Settlement**

The Settlement was reached on February 28, 2025. Class Counsel filed this action on January 16, 2022. Since the time the case was filed, Class Counsel devoted substantial time and effort to review and analyze tens of thousands of pages of documents produced by Defendants and thousands of pages of other documents to support their underlying claims. The Settling Parties engaged in substantial settlement discussions. Only after extensive arm's-length negotiations and two separate mediation sessions were the Settling Parties able to agree to the terms of the Settlement.

Under the Settlement, a Qualified Settlement Fund of $8,200,000 will be established to resolve the Class Action. The Net Settlement Amount is $8,200,000 minus any Administrative Expenses, taxes, tax expenses, Court-approved Attorneys' Fees and Costs, Class Representatives' Compensation, and other approved expenses of the litigation.

The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court. Class Members fall into two categories: Current Participants and Former Participants. Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing account in the Plans. Former Participants who are entitled to a distribution will receive their distribution as a check mailed to their last known address or, if they elect, as a rollover to a qualified retirement account.

**Release**

All Class Members and anyone making a claim on their behalf will fully release the Plan as well as all Defendants and other "Released Parties" from "Released Claims." The Released Parties include (a) Defendants PPL Corporation, PPL Services Corporation, Board of Directors of PPL Corporation, Board of Directors of PPL Services Corporation, the EBPB, and LG&E and KU Energy; (b) their insurers, co-insurers, and reinsurers; (c) their past, present, and future parent corporation(s); (d) their past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns; (e) their past, present, and future agents, officers, employees, trustees, boards of trustees, members of their board of trustees, board of directors, members of the board of directors, managers, independent contractors, representatives, attorneys, administrators, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plans (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them; and (f) the Plans and the Plans' fiduciaries, administrators, plan administrators, recordkeepers, service providers, consultants, and parties-in-interest.

The Released Claims include all claims that were asserted or might have been asserted in the Class Action and all claims relating to the implementation of the Settlement.

Exhibit 3

This is only a summary of the Released Claims and not a binding description of the Released Claims. The actual governing release is found within the Settlement Agreement at **www.PPL401ksettlement.com**. Generally, the release means that Class Members will not have the right to sue Defendants, the Plan, or the Released Parties for conduct arising out of or relating to the allegations in the Class Action.

This is only a summary of the Settlement. The entire Settlement Agreement is at **www.PPL401ksettlement.com**.

### Statement of Attorneys' Fees and Costs Sought in the Class Action

Class Counsel has devoted thousands of hours investigating potential claims, bringing this case, and handling it. Class Counsel reviewed tens of thousands of pages of documents produced in this case and, prior to filing this action, analyzed thousands of pages of publicly filed documents, including those filed with the Department of Labor, to support their claims. Class Counsel took the entire risk of litigation and has not been paid for any of their time or for any of their costs incurred in bringing this action. Class Counsel has also agreed: (1) to undertake the additional risk of paying half of the costs of the settlement process if the Settlement is not approved; (2) to enforce the Settlement Agreement in accordance with its terms; and (3), to do (1) and (2) without additional pay.

Class Counsel will apply to the Court for payment of Attorneys' Fees and Costs for their work in the case. The amount of fees (not including costs) that Class Counsel will request will not exceed one-third of the Settlement Amount, $2,733,333.33, in addition to no more than $600,000 in litigation costs. Class Counsel will not seek to receive any interest earned by the Qualified Settlement Fund, which will be added to the amount received by the Class. Any Attorneys' Fees and Costs awarded by the Court to Class Counsel will be paid from the Qualified Settlement Fund and must be approved by the Court.

As is customary in class action cases, in which the Class Representatives have spent time and effort on the litigation, Class Counsel also will ask the Court to approve payments, not to exceed $20,000 each, for six Class Representatives who took on the risk of litigation, devoted considerable time, and committed to spend the time necessary to bring the case to conclusion. Their activities also included assisting in the factual investigation of the case by Class Counsel and providing information for the case. Any Class Representatives' Compensation awarded by the Court will be paid from the Qualified Settlement Fund.

A full application for Attorneys' Fees and Costs and for Class Representatives' Compensation will be filed with the Court and made available on the Settlement Website, **www.PPL401ksettlement.com**.

| 1. | **Why Did I Receive This Settlement Notice?** |
|---|---|

The Court caused this Settlement Notice to be sent to you because the Plans' records indicate that you may be a Class Member. If you fall within the definition of the Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals, if any, are resolved, the Net Settlement Amount will be allocated among Class Members according to a Court-approved Plan of Allocation.

| 2. | **What Is The Class Action About?** |
|---|---|

In the Class Action, Class Representatives claim that, during the Class Period, Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1001, *et seq.*, with respect to its management, operation, and administration of the Plan, including selecting and retaining the Aon Collective Investment Trusts as investment options in the Plan and engaging in prohibited transactions.

Defendants have denied and continue to deny the claims and contentions of the Class Representatives, that they are liable at all to the Class, and that the Class or the Plan have suffered any harm or damage for which

Exhibit 3

Defendants could or should be held responsible. Defendants contend that they acted prudently and in keeping with their fiduciary responsibilities under ERISA, and in the best interests of the Plans' participants.

| 3. | Why Is There A Settlement? |
| --- | --- |

The Court has not reached a final decision as to the Class Representatives' claims. Instead, the Class Representatives and Defendants have agreed to the Settlement. The Settlement is the product of extensive negotiations between Class Counsel and Defendants' counsel. The parties to the Settlement have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel, who are highly experienced in this kind of matter, believe that the Settlement is best for all Class Members.

| 4. | How Much Will My Distribution Be? |
| --- | --- |

The amount, if any, that will be allocated to you will be based upon records maintained by the Plans' and/or the Plans' recordkeeper(s), or, if on December 31, 2024, you either no longer had a Plan account or had a Plan account with no money in it, based upon your Former Participant Claim Form. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To be eligible for a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant" as defined on page 1, or (2) an "Authorized Former Participant" (a "Former Participant" as defined on page 1 who submitted a completed, satisfactory Former Participant Claim Form that is postmarked by the deadline), or (3) a beneficiary, alternate payee, or attorney-in-fact of persons identified in (1) or (2).

The Plan of Allocation will allocate the Net Settlement Fund among Current and Authorized Former Participants.

    A.   The allotted percentage of the Net Settlement Amount will be divided using the following method:

        1.   The end-of-quarter balances in the Northern Trust Focus Funds of each Current Participant and each Authorized Former Participant are identified for each quarter in the Class Period;

        2.   All end-of-quarter balances identified in step 1 are summed together for each Current Participant and each Authorized Former Participant;

        3.   An average end-of-quarter balance for each Current Participant and each Authorized Former Participant is calculated for the Class Period (with a zero included as the balance for any quarter during which the individual did not participate in the Plan);

        4.   For each Current Participant and each Authorized Former Participant, the average end-of-quarter balance of step 3 is divided by the average end-of-quarter balance for the Class Period of all Current and Authorized Former Participants; and

        5.   Each Current Participant and each Authorized Former Participant receives the fraction of the Net Settlement Amount that corresponds with their allocated percentage calculated in Step 4 above, subject to any adjustments required under Part B immediately below.

Exhibit 3

B. Class Members who are entitled to a distribution of less than ten dollars ($10.00) will receive a payment of $10.00 (the "De Minimis Amount") from the Net Settlement Amount. The Settlement Administrator shall progressively increase Class Members' awards falling below the De Minimis Amount until the lowest participating Class Member award is the De Minimis Amount, *i.e.,* ten dollars ($10.00). The resulting calculation shall be known as the "Final Entitlement Amount" for each Class Member.

There are approximately **[INSERT]** Class Members.

Note that if you are an alternate payee pursuant to a Qualified Domestic Relations Order, you will receive payment by check if and to the extent you are entitled to receive a portion of a Current Participant's or Authorized Former Participant's allocation under the Settlement Agreement in accordance with the plan of allocation as if you are a Current Participant or Authorized Former Participant.

| 5. | How Can I Receive My Distribution? |
|---|---|

Whether you need to submit a claim form to receive your distribution depends on whether you are considered a "Current Participant" or a "Former Participant." **According to the Plans' records, you are a Current Participant. Therefore, if this is correct, you do not need to do anything to receive your share of the Settlement.**

| 6. | When Will I Receive My Distribution? |
|---|---|

The timing of the distribution of the Net Settlement Amount depends on several matters, including the Court's final approval of the Settlement and that approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur in **[INSERT TIMEFRAME]**.

**There Will Be No Payments Under The Settlement If The Settlement Agreement Is Terminated.**

| 7. | Can I Get Out Of The Settlement? |
|---|---|

No. The Class was certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by any judgments or orders that are entered in the Class Action for all claims that were asserted in the Class Action or are otherwise included as Released Claims under the Settlement.

| 8. | Do I Have A Lawyer In The Case? |
|---|---|

The Court has appointed the law firm Schlichter Bogard LLP, in St. Louis, Missouri, as Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 9. | How Will The Lawyers Be Paid? |
|---|---|

Class Counsel will file a petition for the award of Attorneys' Fees and Costs. This petition will be considered at the Fairness Hearing. Class Counsel has agreed to limit their application for an award of Attorneys' Fees and Costs to not more than $2,733,333.33 in fees and $600,000 in costs. The Court will determine what fees and costs will be approved.

| 10. | How Do I Tell The Court If I Don't Like The Settlement? |
|---|---|

If you are a Class Member, you can tell the Court that you do not agree with the Settlement or some part of it. To object, you must send the Court a written statement that you object to the Settlement in *Binder, et al. v. PPL Corporation, et al.*, No. 5:22-cv-00133 (E.D. Pa.). Be sure to include your name, address, telephone number, signature, and a full explanation of why you object to the Settlement. Your written objection must be received by the Court **no later than [INSERT DATE]**. The Court's address is 6614 U.S. Courthouse, Eastern District of Pennsylvania, 601 Market Street, Courtroom 6-A, Philadelphia, PA 19106. Your written objection also must be mailed to the lawyers listed below, **no later than [INSERT DATE]**. Please note that the Court's Order Granting Preliminary Approval of this Settlement provides that any party to the litigation may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed

6

Exhibit 3

two hours in length, on any objector. Any responses to discovery, or any depositions, must be completed within ten days of the request being served to the objector.

| CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| SCHLICHTER BOGARD LLC<br>Attn: PPL Employee Savings Plan, PPL Deferred Savings Plan, PPL Employee Stock Ownership Plan, and the LG&E and KU Savings Plan Settlement<br>100 S. Fourth St., Suite 1200<br>St. Louis, MO 63102<br><br>*Counsel for Plaintiffs and Class Representatives* | O'MELVENY & MYERS LLP<br>Catalina J. Vergara<br>Kevin A. Kraft<br>400 South Hope Street, 19th Floor<br>Los Angeles, CA 90071<br>Tel: (213) 430-6000<br><br>Deanna M. Rice<br>William D. Pollak<br>Scott Harman-Heath<br>1625 Eye Street, N.W.<br>Washington, DC 20006<br>Tel: (202) 383-5300<br><br>*Counsel for Defendants PPL Corporation, PPL Services Corporation, Board of Directors of PPL Corporation, Board of Directors of PPL Services Corporation, Employee Benefit Plan Board of PPL Corporation, and LG&E and KU Energy LLC* |

Exhibit 3

**11.  When And Where Will The Court Decide Whether To Approve The Settlement?**

The Court will hold a Fairness Hearing on **[INSERT DATE]**, at the 6614 U.S. Courthouse, Eastern District of Pennsylvania, 601 Market Street, Courtroom 6-A, Philadelphia, PA 19106.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to give its final approval to the Settlement. The Court also will consider the petition for Class Counsel's Attorneys' Fees and Costs and any Class Representatives' Compensation.

**12.  Do I Have To Attend The Fairness Hearing?**

No, but you are welcome to come at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it when the Court considers whether to approve the Settlement as fair, reasonable, and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but such attendance is not necessary.

**13.  May I Speak At The Fairness Hearing?**

If you are a Class Member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Binder, et al. v. PPL Corporation, et al.*, No. 5:22-cv-00133 (E.D. Pa.)." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be mailed to the attorneys and filed with the Clerk of the Court, at the addresses listed in the Answer to Question No. 10, **no later than [INSERT DATE]**.

**14.  What Happens If I Do Nothing At All?**

**If you are a "Current Participant" as defined on page 1, and do nothing, you will participate in the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is approved.**

If you are a "Former Participant" as defined on page 1, and you do nothing, you will be bound by the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is finally approved, **BUT YOU WILL <u>NOT</u> RECEIVE ANY MONEY UNLESS YOU SUBMIT A FORMER PARTICIPANT CLAIM FORM**.

**According to the Plans' records, you are a Current Participant.**

**15.  How Do I Get More Information?**

If you have general questions regarding the Settlement, you can visit this website: **www.PPL401ksettlement.com**, call **[INSERT PHONE NUMBER]**, or write to the Settlement Administrator at:

**Analytics Consulting LLC**
**P.O. Box [INSERT]**
**Chanhassen, MN 55317-2010**

Exhibit 3

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID B. BINDER, *et al.*, | Civil Action No.: 5:22-cv-00133-MRP |
| Plaintiffs, | CLASS ACTION |
| v. | Judge Mia Roberts Perez |
| PPL CORPORATION, *et al.*, | |
| Defendants. | |

### NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

**Your rights might be affected if you are a member of the following class:**

All participants in the PPL Employee Savings Plan, PPL Deferred Savings Plan, PPL Employee Stock Ownership Plan, and LG&E and KU Savings Plan from January 12, 2016 through June 30, 2020, who invested in a Northern Trust Focus Fund target date fund through an individual Plan account, and their beneficiaries, excluding Defendants.

**IF YOU HAVE ANY OBJECTION TO THE SETTLEMENT DESCRIBED IN THIS NOTICE, YOU HAVE UNTIL [INSERT DATE] TO FILE YOUR WRITTEN OBJECTION WITH THE COURT.**

### PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.

The Court has given its preliminary approval to a proposed settlement (the "Settlement") of a class action lawsuit brought by certain participants in the PPL Employee Savings Plan, PPL Deferred Savings Plan, PPL Employee Stock Ownership Plan, and the LG&E and KU Savings Plan (the "Plans") alleging violations of the Employee Retirement Income Security Act ("ERISA"). The Settlement will provide for the allocation of monies directly into the individual accounts of Class Members who had an account during the Class Period with a balance greater than $0 as of December 31, 2024, in the Plans ("Current Participants"). Class Members who are entitled to a distribution but who no longer had a Plan account with a balance greater than $0 as of December 31, 2024, ("Former Participants") will receive their allocation in the form of a check mailed to their last known address or a rollover, if elected.

The terms and conditions of the Settlement are set forth in the Settlement Agreement dated February 28, 2025. Capitalized terms used in this Settlement Notice but not defined in this Settlement Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at **www.PPL401ksettlement.com**. Any amendments to the Settlement Agreement or any other settlement documents will be posted on this website. You should visit that website if you would like more information about the Settlement and any subsequent amendments to the Settlement Agreement or other changes, including

1

Exhibit 4

changes to the Plan of Allocation, the date, time, or location of the Fairness Hearing, or other Court orders concerning the Settlement.

Your rights and options — and the deadlines to exercise them — are explained in this Settlement Notice.

Only if the Court gives final approval to the Settlement, and only if that approval is upheld in the event of an appeal, will payments under the Settlement be made.

A hearing on the final approval of the Settlement and for approval of the Class Representatives' petition for Attorneys' Fees and Costs and for Class Representatives' Compensation will take place on **[INSERT DATE]**, at **[INSERT TIME]**, before United States District Court Judge Mia Roberts Perez in the 6614 U.S. Courthouse, Eastern District of Pennsylvania, 601 Market Street, Courtroom 6-A, Philadelphia, PA 19106.

Any objections to the Settlement, to the petition for Attorneys' Fees and Costs, or to Class Representatives' Compensation must be served in writing on Class Counsel and Defendants' Counsel, as identified on page 7 of this Settlement Notice.

Further information regarding the litigation, the Settlement, and this Settlement Notice, including any changes to the terms of the Settlement and all orders of the Court regarding the Settlement, may be obtained at **www.PPL401ksettlement.com**.

> **According to the Plans' records, you are a Former Participant. If you believe instead that you meet the definition of a Current Participant, please contact the Settlement Administrator. Former Participants are those who no longer had an account balance in the Plans greater than $0 as of December 31, 2024.**

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **OUR RECORDS INDICATE THAT YOU ARE A FORMER PARTICIPANT. TO RECEIVE YOUR SHARE OF THE NET SETTLEMENT AMOUNT, YOU MUST RETURN THE ENCLOSED FORMER PARTICIPANT CLAIM FORM BY [INSERT DATE].** | Our records indicate that you are a Former Participant. To receive your share of the Net Settlement Amount, you must return a Former Participant Claim Form that is postmarked or electronically filed by **[INSERT DATE]**. If you do not return the Former Participant Claim Form that is postmarked or electronically filed by **[INSERT DATE]**, you will forfeit your share of the Net Settlement Amount, even though you will be bound by the Settlement, including the release. A claim form is enclosed with this notice but may also be obtained by accessing **www.PPL401ksettlement.com**. |
| **YOU CAN OBJECT (NO LATER THAN [INSERT DATE]).** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you object to the Settlement. The Court has authorized the parties to seek information through discovery from any person who files an objection, which means you could be required to produce documents and appear at a deposition to be interviewed and asked questions. |
| **YOU CAN ATTEND A HEARING ON [INSERT DATE].** | If you submit a written objection to the Settlement to the Court and counsel before the deadline, you may attend the hearing about the Settlement and present your objections to the Court. You may attend the hearing even if you do not file a written objection, but you will not be permitted to address the Court at the hearing if you do not notify the Court and counsel by **[INSERT DATE]**, of your intention to appear at the hearing. |

Exhibit 4

**The Class Action**

The case is called *Binder, et. al. v. PPL Corporation, et al.*, No. 5:22-cv-00133 (E.D. Pa.). (the "Class Action"). The Court supervising the case is the United States District Court for the Eastern District of Pennsylvania. The individuals who brought this suit are called Class Representatives, and the entities they sued are called Defendants. The Class Representatives were participants in the Plans. Defendants are PPL Corporation, PPL Services Corporation, Board of Directors of PPL Corporation, Board of Directors of PPL Services Corporation, Employee Benefit Plan Board of PPL Corporation (the "EBPB"), and LG&E and KU Energy. The Class Representatives' claims are described below, and additional information about them is available at **www.PPL401ksettlement.com**.

**The Settlement**

The Settlement was reached on February 28, 2025. Class Counsel filed this action on January 16, 2022. Since the time the case was filed, Class Counsel devoted substantial time and effort to review and analyze tens of thousands of pages of documents produced by Defendants and thousands of pages of other documents to support their underlying claims. The Settling Parties engaged in substantial settlement discussions. Only after extensive arm's-length negotiations and two separate mediation sessions were the Settling Parties able to agree to the terms of the Settlement.

Under the Settlement, a Qualified Settlement Fund of $8,200,000 will be established to resolve the Class Action. The Net Settlement Amount is $8,200,000 minus any Administrative Expenses, taxes, tax expenses, Court-approved Attorneys' Fees and Costs, Class Representatives' Compensation, and other approved expenses of the litigation.

The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court. Class Members fall into two categories: Current Participants and Former Participants. Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing account in the Plans. Former Participants who are entitled to a distribution will receive their distribution as a check mailed to their last known address or, if they elect, as a rollover to a qualified retirement account.

**Release**

All Class Members and anyone making a claim on their behalf will fully release the Plan as well as all Defendants and other "Released Parties" from "Released Claims." The Released Parties include (a) Defendants PPL Corporation, PPL Services Corporation, Board of Directors of PPL Corporation, Board of Directors of PPL Services Corporation, the EBPB, and LG&E and KU Energy; (b) their insurers, co-insurers, and reinsurers; (c) their past, present, and future parent corporation(s); (d) their past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns; (e) their past, present, and future agents, officers, employees, trustees, boards of trustees, members of their board of trustees, board of directors, members of the board of directors, managers, independent contractors, representatives, attorneys, administrators, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plans (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them; and (f) the Plans and the Plans' fiduciaries, administrators, plan administrators, recordkeepers, service providers, consultants, and parties-in-interest.

The Released Claims include all claims that were asserted or might have been asserted in the Class Action and all claims relating to the implementation of the Settlement.

Exhibit 4

This is only a summary of the Released Claims and not a binding description of the Released Claims. The actual governing release is found within the Settlement Agreement at **www.PPL401ksettlement.com**. Generally, the release means that Class Members will not have the right to sue Defendants, the Plan, or the Released Parties for conduct arising out of or relating to the allegations in the Class Action.

This is only a summary of the Settlement. The entire Settlement Agreement is at **www.PPL401ksettlement.com**.

**Statement of Attorneys' Fees and Costs Sought in the Class Action**

Class Counsel has devoted thousands of hours investigating potential claims, bringing this case, and handling it. Class Counsel reviewed tens of thousands of pages of documents produced in this case and, prior to filing this action, analyzed thousands of pages of publicly filed documents, including those filed with the Department of Labor, to support their claims. Class Counsel took the entire risk of litigation and has not been paid for any of their time or for any of their costs incurred in bringing this action. Class Counsel has also agreed: (1) to undertake the additional risk of paying half of the costs of the settlement process if the Settlement is not approved; (2) to enforce the Settlement Agreement in accordance with its terms; and (3), to do (1) and (2) without additional pay.

Class Counsel will apply to the Court for payment of Attorneys' Fees and Costs for their work in the case. The amount of fees (not including costs) that Class Counsel will request will not exceed one-third of the Settlement Amount, $2,733,333.33, in addition to no more than $600,000 in litigation costs. Class Counsel will not seek to receive any interest earned by the Qualified Settlement Fund, which will be added to the amount received by the Class. Any Attorneys' Fees and Costs awarded by the Court to Class Counsel will be paid from the Qualified Settlement Fund and must be approved by the Court.

As is customary in class action cases, in which the Class Representatives have spent time and effort on the litigation, Class Counsel also will ask the Court to approve payments, not to exceed $20,000 each, for six Class Representatives who took on the risk of litigation, devoted considerable time, and committed to spend the time necessary to bring the case to conclusion. Their activities also included assisting in the factual investigation of the case by Class Counsel and providing information for the case. Any Class Representatives' Compensation awarded by the Court will be paid from the Qualified Settlement Fund.

A full application for Attorneys' Fees and Costs and for Class Representatives' Compensation will be filed with the Court and made available on the Settlement Website, **www.PPL401ksettlement.com**.

| 1. | **Why Did I Receive This Settlement Notice?** |
|---|---|

The Court caused this Settlement Notice to be sent to you because the Plans' records indicate that you may be a Class Member. If you fall within the definition of the Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals, if any, are resolved, the Net Settlement Amount will be allocated among Class Members according to a Court-approved Plan of Allocation.

| 2. | **What Is The Class Action About?** |
|---|---|

In the Class Action, Class Representatives claim that, during the Class Period, Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1001, *et seq.*, with respect to its management, operation, and administration of the Plan, including selecting and retaining the Aon Collective Investment Trusts as investment options in the Plan and engaging in prohibited transactions.

Defendants have denied and continue to deny the claims and contentions of the Class Representatives, that they are liable at all to the Class, and that the Class or the Plan have suffered any harm or damage for which

Exhibit 4

Defendants could or should be held responsible. Defendants contend that they acted prudently and in keeping with their fiduciary responsibilities under ERISA, and in the best interests of the Plans' participants.

| 3. | Why Is There A Settlement? |
|---|---|

The Court has not reached a final decision as to the Class Representatives' claims. Instead, the Class Representatives and Defendants have agreed to the Settlement. The Settlement is the product of extensive negotiations between Class Counsel and Defendants' counsel. The parties to the Settlement have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel, who are highly experienced in this kind of matter, believe that the Settlement is best for all Class Members.

| 4. | How Much Will My Distribution Be? |
|---|---|

The amount, if any, that will be allocated to you will be based upon records maintained by the Plans' and/or the Plans' recordkeeper(s), or, if on December 31, 2024, you either no longer had a Plan account or had a Plan account with no money in it, based upon your Former Participant Claim Form. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To be eligible for a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant" as defined on page 1, or (2) an "Authorized Former Participant" (a "Former Participant" as defined on page 1 who submitted a completed, satisfactory Former Participant Claim Form that is postmarked by the deadline), or (3) a beneficiary, alternate payee, or attorney-in-fact of persons identified in (1) or (2).

The Plan of Allocation will allocate the Net Settlement Fund among Current and Authorized Former Participants.

    A.   The allotted percentage of the Net Settlement Amount will be divided using the following method:

        1.   The end-of-quarter balances in the Northern Trust Focus Funds of each Current Participant and each Authorized Former Participant are identified for each quarter in the Class Period;

        2.   All end-of-quarter balances identified in step 1 are summed together for each Current Participant and each Authorized Former Participant;

        3.   An average end-of-quarter balance for each Current Participant and each Authorized Former Participant is calculated for the Class Period (with a zero included as the balance for any quarter during which the individual did not participate in the Plan);

        4.   For each Current Participant and each Authorized Former Participant, the average end-of-quarter balance of step 3 is divided by the average end-of-quarter balance for the Class Period of all Current and Authorized Former Participants; and

        5.   Each Current Participant and each Authorized Former Participant receives the fraction of the Net Settlement Amount that corresponds with their allocated percentage calculated in Step 4 above, subject to any adjustments required under Part B immediately below.

Exhibit 4

B. Class Members who are entitled to a distribution of less than ten dollars ($10.00) will receive a payment of $10.00 (the "De Minimis Amount") from the Net Settlement Amount. The Settlement Administrator shall progressively increase Class Members' awards falling below the De Minimis Amount until the lowest participating Class Member award is the De Minimis Amount, *i.e.,* ten dollars ($10.00). The resulting calculation shall be known as the "Final Entitlement Amount" for each Class Member.

There are approximately **[INSERT]** Class Members.

Note that if you are an alternate payee pursuant to a Qualified Domestic Relations Order, you will receive payment by check if and to the extent you are entitled to receive a portion of a Current Participant's or Authorized Former Participant's allocation under the Settlement Agreement in accordance with the plan of allocation as if you are a Current Participant or Authorized Former Participant.

## 5.  How Can I Receive My Distribution?

Whether you need to submit a claim form to receive your distribution depends on whether you are considered a "Current Participant" or a "Former Participant."  **According to the Plans' records, you are a Former Participant. Therefore, if this is correct, you need to submit a claim form to receive your share of the Settlement.**

## 6.  When Will I Receive My Distribution?

The timing of the distribution of the Net Settlement Amount depends on several matters, including the Court's final approval of the Settlement and that approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur in **[INSERT TIMEFRAME]**.

**There Will Be No Payments Under The Settlement If The Settlement Agreement Is Terminated.**

## 7.  Can I Get Out Of The Settlement?

No. The Class was certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by any judgments or orders that are entered in the Class Action for all claims that were asserted in the Class Action or are otherwise included as Released Claims under the Settlement.

## 8.  Do I Have A Lawyer In The Case?

The Court has appointed the law firm Schlichter Bogard LLP, in St. Louis, Missouri, as Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 9.  How Will The Lawyers Be Paid?

Class Counsel will file a petition for the award of Attorneys' Fees and Costs. This petition will be considered at the Fairness Hearing. Class Counsel has agreed to limit their application for an award of Attorneys' Fees and Costs to not more than $2,733,333.33 in fees and $600,000 in costs. The Court will determine what fees and costs will be approved.

## 10.  How Do I Tell The Court If I Don't Like The Settlement?

If you are a Class Member, you can tell the Court that you do not agree with the Settlement or some part of it. To object, you must send the Court a written statement that you object to the Settlement in *Binder, et al. v. PPL Corporation, et al.*, No. 5:22-cv-00133 (E.D. Pa.). Be sure to include your name, address, telephone number, signature, and a full explanation of why you object to the Settlement. Your written objection must be received by the Court **no later than [INSERT DATE]**. The Court's address is 6614 U.S. Courthouse, Eastern District of Pennsylvania, 601 Market Street, Courtroom 6-A, Philadelphia, PA 19106. Your written objection also must be mailed to the lawyers listed below, **no later than [INSERT DATE]**. Please note that the Court's Order Granting Preliminary Approval of this Settlement provides that any party to the litigation may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed

Exhibit 4

two hours in length, on any objector. Any responses to discovery, or any depositions, must be completed within ten days of the request being served to the objector.

| CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| SCHLICHTER BOGARD LLC<br>Attn: PPL Employee Savings Plan, PPL Deferred Savings Plan, PPL Employee Stock Ownership Plan, and the LG&E and KU Savings Plan Settlement<br>100 S. Fourth St., Suite 1200<br>St. Louis, MO 63102<br><br>*Counsel for Plaintiffs and Class Representatives* | O'MELVENY & MYERS LLP<br>Catalina J. Vergara<br>Kevin A. Kraft<br>400 South Hope Street, 19th Floor<br>Los Angeles, CA 90071<br>Tel: (213) 430-6000<br><br>Deanna M. Rice<br>William D. Pollak<br>Scott Harman-Heath<br>1625 Eye Street, N.W.<br>Washington, DC 20006<br>Tel: (202) 383-5300<br><br>*Counsel for Defendants PPL Corporation, PPL Services Corporation, Board of Directors of PPL Corporation, Board of Directors of PPL Services Corporation, Employee Benefit Plan Board of PPL Corporation, and LG&E and KU Energy LLC* |

Exhibit 4

| **11.  When And Where Will The Court Decide Whether To Approve The Settlement?** |
|---|

The Court will hold a Fairness Hearing on **[INSERT DATE]**, at the 6614 U.S. Courthouse, Eastern District of Pennsylvania, 601 Market Street, Courtroom 6-A, Philadelphia, PA 19106.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to give its final approval to the Settlement. The Court also will consider the petition for Class Counsel's Attorneys' Fees and Costs and any Class Representatives' Compensation.

| **12.  Do I Have To Attend The Fairness Hearing?** |
|---|

No, but you are welcome to come at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it when the Court considers whether to approve the Settlement as fair, reasonable, and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but such attendance is not necessary.

| **13.  May I Speak At The Fairness Hearing?** |
|---|

If you are a Class Member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Binder, et al. v. PPL Corporation, et al.*, No. 5:22-cv-00133 (E.D. Pa.)." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be mailed to the attorneys and filed with the Clerk of the Court, at the addresses listed in the Answer to Question No. 10, **no later than [INSERT DATE]**.

| **14.  What Happens If I Do Nothing At All?** |
|---|

**If you are a "Current Participant" as defined on page 1, and do nothing, you will participate in the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is approved.**

If you are a "Former Participant" as defined on page 1, and you do nothing, you will be bound by the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is finally approved, **BUT YOU WILL <u>NOT</u> RECEIVE ANY MONEY UNLESS YOU SUBMIT A FORMER PARTICIPANT CLAIM FORM**.

**According to the Plans' records, you are a Former Participant, so you will need to submit a Former Participant Claim Form in order to receive your share of the Settlement.**

| **15.  How Do I Get More Information?** |
|---|

If you have general questions regarding the Settlement, you can visit this website: **www.PPL401ksettlement.com**, call **[INSERT PHONE NUMBER]**, or write to the Settlement Administrator at:

**Analytics Consulting LLC**
**P.O. Box [INSERT]**
**Chanhassen, MN 55317-2010**

Exhibit 4

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

DAVID B. BINDER, *et al*.,

          *Plaintiffs*,

v.

    No. 5:22-cv-133-MRP

PPL CORPORATION, *et al*.,

          *Defendants*.

## [PROPOSED] FINAL ORDER AND JUDGMENT

This litigation arises out of a class action alleging breaches of fiduciary duties against Defendants PPL Corporation, PPL Services Corporation, the Board of Directors of PPL Corporation, the Board of Directors of PPL Services Corporation, the Employee Benefit Plan Board of PPL Corporation, and LG&E and KU Energy, LLC (collectively "Defendants") under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1001, *et seq*., with respect to their management, operation, and administration of the PPL Employee Savings Plan, the PPL Deferred Savings Plan, the PPL Employee Stock Ownership Plan, and the LG&E and KU Savings Plan (collectively referred to as the "Plans"). Before the Court is the Motion for Final Approval of the Settlement of the above-referenced litigation. Upon consideration of the Motion, the Court hereby orders and adjudges as follows:

1.    For purposes of this Final Order and Judgment, capitalized terms used herein have the definitions set forth in the Settlement Agreement, which is incorporated herein by reference.

2.    In accordance with the Court's Preliminary Approval Order, Settlement Notice was timely distributed by electronic means or by first-class mail, postage prepaid, to all Class Members who could be identified with reasonable effort, and Settlement Notice was published on the Settlement Website maintained by the Settlement Administrator. In addition, pursuant to the Class

Exhibit 5

Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, notice was provided to the Attorneys General for each of the states in which a Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor.

3.      The form and methods of notifying the Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23(c)(2), any other applicable law, and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the Final Fairness Hearing and the rights of all Class Members have been provided to all people, powers, and entities entitled thereto.

4.      All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, have been met.

5.      Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

6.      Each and every objection to the Settlement is overruled with prejudice.

7.      The Motion for Final Approval of the Settlement Agreement is hereby **GRANTED**, the Settlement of the Litigation is **APPROVED** as fair, reasonable, and adequate to the Plans and the Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

8.       The operative complaint and all claims asserted therein in the Class Action are hereby dismissed with prejudice and without costs to any of the Settling Parties and Released Parties other than as provided for in the Settlement Agreement.

9.      The Plans, the Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors,

Exhibit 5

predecessors, successors, assigns, agents, and attorneys) hereby fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties (including Defendants) from the Released Claims, regardless of whether or not such Class Member receives a monetary benefit from the Settlement, executed and delivered a Former Participant Claim Form, filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Member have been approved or allowed.

10.    The Class Representatives, the Class Members, and the Plans acting individually or together, or in combination with others, are hereby barred from suing or seeking to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration, or a proceeding before any state insurance or other department or commission) any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of the Settlement Agreement in accordance with the procedures set forth in the Settlement Agreement.

11.    Class Counsel, the Class Representatives, the Class Members, or the Plans may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with the Defendants and the other Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Representative, each Class Member, and the Plans has and have hereby fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims. The Class Representatives,

Exhibit 5

Class Members, and the Plans have hereby acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in the Settlement Agreement of which this release is a part.

12.     The Class Representatives, Class Members, and the Plans hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that if known by him or her would have materially affected his or her settlement with the debtor or released party." The Class Representatives, Class Members, and the Plans with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable, or equivalent in substance to Section 1542 of the California Civil Code.

13.     The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over Class Members herein pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Order and the Settlement Agreement. Any motion to enforce paragraphs 8 through 12 of this Final Order or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

Exhibit 5

14.     Each Class Member shall hold harmless Defendants, Defense Counsel, and the Released Parties for any claims, liabilities, attorneys' fees, and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

15.     The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant.

16.     With respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

17.     With respect to any matters that arise concerning the implementation of distributions to Current Participants (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan administrators or other fiduciaries of the in accordance with applicable law and the governing terms of the Plans.

18.     Within seven (7) calendar days following the issuance of all settlement payments to Class Members, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who was issued a settlement payment and the amount of such payment.

19.     Upon entry of this Order, all Class Members shall be bound by the Settlement Agreement (including any amendments) and by this Final Order.

Exhibit 5

**IT IS SO ORDERED.**

DATED: _____, 2025

                                         _____

                                         HON. MIA ROBERTS PEREZ
                                         UNITED STATES DISTRICT JUDGE

Exhibit 5

[Settlement Administrator Letterhead]

_____, 2025

«Name1»
«Name2»
«Address1»
«Address2»
«Address3»
«City», «St» «Zip»

**Re:    Notice of Class Action Settlement**
       *Binder, et al. v. PPL Corporation, et al.*

Dear Counsel or Official:

On behalf of the defendants in the litigation described below, Analytics Consulting LLC, an independent claims administrator, hereby provides your office with notice of the following proposed class action settlement pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715:

      **Case Name:**  *Binder, et al. v. PPL Corporation, et al.*,

      **Case Number:**  Case No. 5:22-cv-00133

      **Jurisdiction:**  United States District Court, Eastern District of Pennsylvania

      **Date Settlement Filed with Court:**  February 28, 2025

The defendants specifically deny any liability or wrongdoing, and elected to enter into the settlement agreement solely to eliminate the burden and expense of protracted litigation.  In accordance with the requirements of 28 U.S.C. § 1715, defendants provide the following information regarding the settlement.  Copies of the referenced documents can be found on the enclosed CD.

1. **28 U.S.C. § 1715(b)(1) - Complaint and Related Materials:**  The enclosed CD contains copies of the Complaint filed in *Binder* on January 16, 2022.

2. **28 U.S.C. § 1715(b)(2) - Notice of Any Scheduled Judicial Hearings:**  The enclosed CD contains Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Approval of Class Notice and Scheduling of Fairness Hearing, filed on February 28, 2025.  The motion will be set for hearing, but that date has yet to be scheduled.  The are no other judicial hearings currently scheduled.

3. **28 U.S.C. § 1715(b)(3) - Notification to Class Members:**  The enclosed CD contains the Notice of Proposed Class Action Settlement, filed on February 28, 2025.

Exhibit 6

[INSERT]
_____, 2025
Page 2

4. **28 U.S.C. § 1715(b)(4) - Class Action Settlement Agreement:**  The enclosed CD contains the Settlement Agreement, filed on February 28, 2025.

5. **28 U.S.C. § 1715(b)(5) - Any Settlement or Other Agreements:**  Other than the Settlement Agreement (including the Plan of Allocation referenced in and attached to the Settlement Agreement), no other settlements or agreements have been contemporaneously entered into between the parties.

6. **28 U.S.C. § 1715(b)(6) - Final Judgment:**  The Court has not entered a final judgment or notice of dismissal as of the date of this CAFA Notice.

7. **28 U.S.C. 1715(b)(7)(B) - Estimate of Class Members:**  As of the date of this CAFA Notice, defendants do not yet have information sufficient to identify the names and addresses of all Class Members who reside in each state or the estimated proportionate share of their claims to the entire Settlement.  Nor do defendants yet have information sufficient to provide an estimate of the number of Class Members residing in each state or the estimated proportionate share of each Class Member's claim to the entire Settlement.  Defendants estimate there are approximately **[NUMBER]** total Class Members, and based on the locations in which the Class Members were employed during the Class Period, defendants anticipate that the majority of the Class Members reside in Pennsylvania, Kentucky, and Rhode Island.

8. **28 U.S.C. §1715(b)(8) - Judicial Opinions Related to the Settlement:**  As of the date of this CAFA Notice, the Court has not issued a judicial opinion related to the Settlement.

If you have questions about this CAFA Notice, the proposed settlement, or the enclosed materials, or if you did not receive any of the above-listed materials, please contact defendants' counsel using the following contact information:

> Catalina Vergara
> O'Melveny & Myers LLP
> 400 South Hope Street, Suite 1900
> Los Angeles, CA 90071
> Tel: (213) 430-7828
> Email: cvergara@omm.com

Exhibit 6

[INSERT]
_____, 2025
Page 3


Sincerely,


[Name]
[Title]


Enclosures

Exhibit 6